ROBERTSON, Justice.
The Workmen’s Compensation Commission awarded certain ■ compensation benefits to the claimant, Davis, and the employer and carrier appealed from the order of the Workmen’s Compensation Commission to the Circuit Court, and the claimant cross-appealed. The Circuit Court increased the amount of benefits awarded by the Workmen’s Compensation Commission, and the employer and carrier perfected an appeal to this Court.
The claimant is thirty-three years old, and is a graduate of Mississippi State University having received his Bachelor of Science degree in 1959. He has been a teacher, athletic coach, salesman and industrial worker at various times.
On May 28, 1964, toward the close of the working day, he picked up a single sheet of paper and suffered a herniated disc in his lower back. An operation was successful and the herniated disc removed. The surgeon discharged the claimant on August 31, 1964. The claimant and the surgeon were the only witnesses to testify and the surgeon testified that the claimant had a 10% permanent partial disability to the body as a whole, that the claimant had been treated by him for an interspinous ligament sprain in 1962, and that the claimant probably had a pre-existing weakness which would be a contributing factor in the serious result following such a trivial occasion for injury, as picking up a piece of paper. The doctor further testified that in his opinion the pre-existing condition probably contributed 50% to the claimant’s 10% disability.
At the time of his injury, the claimant was making $70.00 per week. The Workmen’s Compensation Commission affirmed the order of the attorney-referee granting the claimant $8.00 per week. The Circuit Court increased the award to $12.00 per week. The appellants contend that the wage earning loss found by the Workmen’s Compensation Commission was excessive in view of the training and college education of the claimant, and also in view of the stipulated weekly wage of $70.00 per week as an industrial worker.
Inasmuch as the Circuit Court increased the award of the Commission, the appellants contend that the wage earning loss and compensation award found by the Circuit Court was grossly excessive and against the preponderance of the evidence.
It is well established in Mississippi that the loss of wage-earning capacity may be determined from the evidence as a whole and is not limited strictly to the percentage of physical or medical disability. The rule has been generally stated in Hale v. General Box Manufacturing Company, 235 Miss. 301, 108 So.2d 844 (1959), and I. Taitel & Son v. Twiner, 247 Miss. 785, 157 So.2d 44, (1963).
The Workmen’s Compensation Commission is the trier of the facts. The Commission’s findings were supported by substantial evidence and should have been affirmed. The Circuit Court hears these matters as an appellate court only and should not reverse the judgment of the Workmen’s Compensation Commission unless such judgment is manifestly wrong and not supported by the evidence.
Having found that the order of the Workmen’s Compensation Commission is supported by substantial evidence, the judgment of the Circuit Court is reversed and the order of the Workmen’s Compensation Commission reinstated.
Reversed and order of the Workmen’s Compensation Commission reinstated.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.