INZER, Justice:
This workmen’s compensation case was appealed from the Circuit Court of Lown-des County which reversed an order of the Workmen’s Compensation Commission and directed the employer-insurer to pay claimant maximum compensation and past and future medical expenses. The judgment of the circuit court must be reversed and the commission order reinstated because it was supported by substantial evidence.
Claimant was ttsing a machete knife to clear undergrowth and saplings as part of a land survey team when he stumbled, lacerating three fingers on the palmer surface of his right hand. Tendons in the middle, ring and little fingers were severed, and thereafter the hand was operated on three times. In a final medical report the surgeon stated that claimant had received a permanent injury and would have considerable difficulty using the hand to grasp forcefully. He estimated a thirty-five per cent disability of the right hand.
While receiving treatment for the hand injury, claimant experienced gastrointestinal disturbances. Six days after his second hand operation he underwent stomach surgery which revealed a hiatal hernia and chronic duodenal ulcer. The stomach operation was performed without authorization by the employer-insurer.
Claimant testified at the hearing that he had not worked since the injury to his hand on July 22, 1963. He said he had been paid compensation from the date of the injury until October 20, 1964, for the injury to his fingers, but that when the compensation ended, he needed further medical treatment for his stomach.
The surgeon who performed the stomach operation testified that claimant’s medical history showed he had been on medication and special diet since an operation in 1957 for a perforated duodenal ulcer; that he operated on claimant in early 1964 for hernia and ulcer; and that since the hernia is no longer present the symptoms complained of by claimant are not related to the hernia, but are probably due to the duodenal ulcer disease.
The surgeon testified that claimant’s stress and anxiety over the injury to his fingers probably precipitated an attack of ulcer symptoms, but that when he last saw him, claimant was in as good condition, regarding the gastrointestinal trouble, as before the accident. He was of the opinion that if the gastrointestinal problem had been aggravated by the injury to the fingers, that aggravation had been corrected by surgical and medical procedures.
Claimant testified that he weighed 125 pounds at the time of the accident and 85 to 90 pounds at the hearing, and that he had been unable to work since the accident. His neighbors testified that he could not keep up his yard or do simple chores, and that he had to walk with a stick.
The deposition of an out-of-state orthopedic sux-geon was made part of the record by stipulation. He testified: “I felt since he (claimant) was a right-handed man and was a laboring man, he was not educated and trained to do anything but hard labor, and on the basis of this, that this and the described function of his right hand, that he was disabled to the extent of approximately 75% loss of use of the right upper extremity below the elbow.” *233 He testified that the disability to claimant’s hand was permanent, but that no further medical or surgical treatment was indicated. When asked whether claimant could work, the surgeon replied: “I don’t know any really full active laboring man type work that I believe he could do * *
No witnesses were called by the employer-insurer.
The attorney referee found, and his findings were affirmed by the full commission, that as a result of the injury claimant suffered an aggravation of a preexisting gastrointestinal condition which required medical attention including surgery; that the condition was of a temporary nature and that such condition was now no worse than before the injury; and that claimant suffered loss of use of the middle, ring and little fingers of his right hand.
As to the gastrointestinal condition the commission ruled that claimant was entitled to compensation for temporary total disability and medical expenses during the period of such aggravation of the preexisting condition, but was not entitled to compensation for any permanent partial disability as a result of said condition. Compensation for permanent partial disability was limited to the fingers and not proportioned to the hand.
The employer-insurer was ordered to pay compensation for temporary total disability at the rate of $35 per week from the date of the injury on July 22, 1963, through October 20, 1964; thereafter to pay $35 per week for a period of 65 weeks for the loss of itse of the fingers; and to continue to furnish necessary medical services and supplies as provided by section 7 of the Workmen’s Compensation Act. Miss. Code Ann. § 6998-08 (1952). From this award claimant appealed.
In reversing the commission’s order the circuit court said it considered a more liberal award justified, and directed the employer-insurer to pay compensation as provided by section 8(b) (c) (c-25) (Mississippi Code Annotated section 6998-09) of the act, from October 20, 1964, not to exceed 450 weeks or a maximum of $14,500 plus interest, together with all medical expenses that had been incurred by claimant, and to pay such medical costs and expenses as might accrue in the future, supplying claimant with the proper medical care so as to obtain a maximum medical recovery, as provided by section 7; the employer-insurer to be given credit for all payment of benefits theretofore made.
Appellants assign as error the circuit court’s judgment reversing the findings of the commission. Appellee on cross-appeal assigns as error the circuit court’s failure to invoke penalties authorized by the act.
I.
The circuit court erred in reversing the commission because it was the court’s duty to affirm an award supported by substantial evidence. Harbert Construction Corp. v. Hughes, 250 Miss. 858, 168 So.2d 506 (1964). Unless the judgment was manifestly wrong and not supported by the evidence, the circuit court should not reverse the order of the commission. Futorian Stratford Furniture Co. v. Davis, 185 So.2d 665 (Miss.1966).
The circuit court did not find that there was not substantial evidence to support the order of the commission. In its opinion the court found “from all the evidence that this party is entitled to a more liberal construction of the facts and law * * Although a more liberal construction of the facts in this case would probably reach a more desirable result, this is not the test. The substantial evidence rule must be applied. We find that there was substantial evidence to support the order of the commission.
As decided in Babcock & Wilcox Company v. McClain, 149 So.2d 523 (Miss.1963), when the circuit court reviews an order of the commission and must decide *234 whether to affirm or reverse, the test is not whether the order of the commission is supported by a preponderance of the evidence, but rather, whether the order of the commission is supported by substantial evidence.
II.
Appellee on cross-appeal assigned as error the circuit court’s failure to invoke penalties authorized by Mississippi Code Annotated section 6998-26 (1952) for wrongful termination of compensation. Compensation of $35 per week was paid claimant from July 22, 1963 until October 20, 1964, the date claimant was discharged as having reached maximum medical improvement. Dr. Turner, who treated claimant, discharged him as having reached maximum recovery on October 12, 1964. This report was filed with the commission on October 28, 1964, and it indicated claimant was able to return to work as soon as suitable work was available.
In addition to the $35 per week from the date of injury to discharge, appellants were ordered to pay claimant $35 per week for 65 weeks for the loss of use of fingers, such payment to begin after October 20, 1964, when compensation for temporary total disability was ended.
The commission may invoke penalties against an employer-insurer which improperly suspends compensation payments being made without an award. Miss. Code Ann. § 6998-19 (1952). The imposition of the penalties is not mandatory, but is optional with the commission. This Court will not reverse the commission relative to the imposition of penalties unless an abuse of discretion is shown.
 The award made by the attorney referee was appealed to the full commission and to the circuit court by claimant. It did not become conclusive and binding because it was appealed by claimant. The employer-insurer was not required to pay compensation pending claimant’s appeal, and since it was not then liable for payment, it cannot now be liable for penalties for failure to pay. Workmen’s compensation matters may be taken from circuit court to the Supreme Court in the manner as now required by law. Miss. Code Ann. § 6998-26 (1952). The circuit court from which employer-insurer appealed this case granted supersedeas upon the giving of bond by appellants. Again, neither payment nor penalty for nonpayment can be required, since the case is being appealed.
The requested penalties properly were denied by the attorney referee, the commission and the circuit court.
III.
After the attorney referee entered his order of award, claimant sought by motion and affidavit to introduce letters and a medical report before the commission. The commission affirmed the attorney referee’s award, and claimant’s motion was not granted. This was a matter in the commission’s discretion, and there is nothing in the record to show abuse of this discretion.
Claimant appealed the commission order, and on April 4, 1966, the transcript of the commission hearing and other records were sent to the circuit court. Claimant’s motion and affidavit were made a part of the record, but not the attachments, consisting of the letters and medical report. Claimant made no effort to have the record corrected to include the attachments to his motion and affidavit.
After the circuit judge had rendered a judgment in the case, claimant’s attorney wrote to the chairman of the commission requesting the letters and medical reports. These disputed documents appear in the official record. On August 3, 1966, appellant filed a motion with the circuit court to strike this matter. While the motion was pending, the circuit clerk sent the record to the Supreme Court. The circuit judge then overruled the motion to strike and appellant filed with the clerk of this court a *235 motion for writ of certiorari to have the order of the circuit judge sent up to this Court, the same to be included in the record. It was finally determined here that the motion for writ of certiorari should be granted, and the circuit clerk required to file the order of the circuit judge overruling the motion to strike extraneous matter from the record.
The exclusion or inclusion of the disputed documents is immaterial insofar as our decision is concerned, for the reason that it was a matter within the discretion of the commission to grant or refuse claimant’s motion to be allowed to introduce additional testimony before the commission.
For the reason stated the judgment of the circuit court is reversed on direct appeal and the order of the commission is reinstated. On cross-appeal the decision of the circuit court refusing to inflict penalties is affirmed.
Reversed on direct appeal. Affirmed on cross-appeal.
GILLESPIE, P. J., and JONES, BRADY and ROBERTSON, JJ., concur.