ROBERTSON, Justice:
Ruben Carter, employed as a fireman by Reform Lumber Company, was shot and killed by Early B. McMullen, not a fellow-employee, about 1 a. m., June 5, 1966, on a public road, Old Highway 15, which road runs in a northerly direction through the property of Reform Lumber Company.
The boiler room of the lumber company, where Carter worked firing the boiler, was on the east side of the road and just a few feet from it. McMullen pleaded guilty to manslaughter and is now serving his sentence in the' state penitentiary.
Claim was filed with the Workmen’s Compensation Commission by Abbie Carter, widow of Ruben, for compensation benefits. After a full hearing, the attorney-referee found that there was “no showing either by testimony or other evidence that McMullen shot and killed the deceased because of anything arising out of or in connection with his employment and for this reason, the claim fails.”
*29 In the interim between the hearing and the rendering of his opinion, the attorney-referee, J. E. Kemp, was appointed a commissioner of the Workmen’s Compensation Commission, and the other two commissioners reviewed the record and his opinion and affirmed his findings that the death of Ruben Carter was not job-connected and that the claim should be denied and dismissed.
The claimants appealed from the order of the commission to the Circuit Court of Choctaw County, and that court reversed the order of the commission and found that the death was job-connected and that the claimants were entitled to compensation benefits.
Where an employee is killed by a third party not connected with the employer or employee in any way, the burden of proof rests squarely on the claimants to show that the death was causally connected with the employment, and the mere fact that the employee is at his place of employment when he meets his death is not sufficient. Dunn in his Mississippi Workmen’s Compensation (2d ed.) § 162 at 209-10 (1967), expresses it in this way:
“Where the assault is committed by a third party and not a fellow employee, the question will arise as to whether the employee was, at the time, in the scope of his employment and if so, emphasis is shifted to the question of whether the assault arose out of employment and was directed against the employee ‘because of his employment.’ * * *.
“The established rule in these cases is that compensation is not allowable unless it is shown that the employment zíras connected with the injury in some direct manner. Ordinarily, connection is not shovtm merely because the work furnished an opportunity to the assailant to commit the assault. It must have occurred ‘because’ of employment as required by the Act. If the assault is for personal reasons and not because of employment, the injury is not compensable.” (Emphasis added).
We said in Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 59 So.2d 294 (1952):
“h= * * [Tjhere is general agreement upon the proposition that an injury arises out of an employment when but only when there is a causal connection between such injury and the conditions under which the work is required to be performed, it is not sufficient that the employee is at the place of his employment at the time of the accident and doing his usual work. * * *
“ * * * There must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. * * *
“Under the Mississippi statute, if the injury or death has been caused by the willful act of a third person, it must be shown that such zvillful act was directed against the employee ‘because of his employment, while so employed and working on the job.’ ” Id. at 633-634, 59 So.2d at 299. (Emphasis added).
The same rule was applied in Ellis v. Rose Oil Company of Dixie, 190 So.2d 450 (Miss.1966), and West’s Estate v. Southern Bell Telephone & Telegraph Company, 228 Miss. 890, 90 So.2d 1 (1956).
It is contended by the appellees that the cause of death is unexplained and that, therefore, a presumption arises that the death occurred because of and in the course of his employment. We think that the commission answered this contention when they affirmed the opinion of the attorney-referee, wherein he said:
“The facts in this case clearly show that the death of the deceased was not unexplained. He was shot and killed by one Early B. McMullen, who is presently serving time in the State Penitentiary at *30 Parchman for the crime of manslaughter.”
The commission, speaking through the attorney-referee, found that no such presumption exists where a third party injures or kills an employee while said employee is on or about his employment. The commission found that in such cases, it must be shown by competent evidence that such action was directed against such employee because of his employment.
The testimony of McMullen, the only eye witness, showed clearly that the killing had no connection with Carter’s employment and that his reason for shooting Carter was personal.
The circuit judge, in reversing the order of the commission, stated:
“[W]e find from the record in its entirety that the testimony of the assassin, McMullen, is wholly unworthy of belief. * * *
“* * * The deceased was by his employment placed in a dangerous position, working alone during the long, dark hours of the night. His employment made him an easy prey to a robber or thief or other person with a criminal mind. We know the identity of the killer, but we have no evidence worthy of acceptance to show the motive. * * * ”
We have said many times that the Workmen’s Compensation Commission is the trier of the facts and the circuit court acts purely and simply as an appellate court in reviewing the record made before the commission.
There was substantial evidence supporting the findings and order of the commission, and the circuit court exceeded its jurisdiction when it invaded the province of the commission and decided which witness the commission should believe and which witness it should not believe.
There is no testimony in the record that “the deceased was by his employment placed in a dangerous position” and that “his employment made him an easy prey to a robber or a thief or other person with a criminal mind”; the court should not have so found.
The judgment of the circuit court is reversed, and the order of the Wo-rkmen’s Compensation Commission denying and dismissing the claim is reinstated.
Reversed and rendered.
GILLESPIE, P. J., and RODGERS, JONES, and INZER, JJ., concur.