SMITH, Justice:
This case arose under the Mississippi Workmen’s Compensation laws. Appellee, John W. Teat, Jr., claimed compensation for injuries alleged to have been sustained in the course of his employment by appellant, Presto Manufacturing Company, whose Workmen’s Compensation carrier is appellant Employers Mutual Liability Insurance Company of Wisconsin. Following a hearing, the attorney referee found that Teat had sustained the injury and was entitled to compensation at the rate of $35.00 per week from March 17, 1966, the date of the injury, until April 1, 1966, after which later date, the referee found, claimant had no “residual disability” attributable to the injury. The referee also found that claimant was entitled to a 10 per cent penalty and to medical expenses incurred.
Teat appealed, and the employer-carrier cross-appealed, to the Workmen’s Compensation Commission. By a two to one vote, *662 the Commission declined to adopt the view of the attorney referee and found as a matter of fact that the evidence was insufficient to sustain a finding that Teat had suffered a compensable injury.
From the order of the Commission denying the claim Teat appealed to the circuit court.
That court reviewed the record and found, without elaborating further, that there was “prejudicial error in the order of the majority members of the Workmen’s Compensation Commission” and that the order rendered by the attorney referee should be “reinstated and adopted as the judgment of the court.” Judgment was entered accordingly and the employer-carrier appealed and Teat has cross-appealed to this Court.
The role of the courts in judicially reviewing decisions of the Workmen’s Compensation Commission based upon factual findings is settled in Mississippi. The function of the circuit court in such cases, as well as that of this Court, is appellate only. If the findings of the Commission are supported by substantial evidence they are to be affirmed. In no case will the judgment of the court upon the facts be substituted for that of the Commission where the latter’s findings are supported by substantial evidence. Dunn’s Mississippi Workmen’s Compensation (2d ed. 1967) § 289.
On appeal the test is whether the Commission’s order rests upon substantial evidence. Weyerhaeuser Company v. Ratliff, 197 So.2d 231 (Miss.1967). The Commission is the trier of facts and when there is substantial evidence supporting its order the court will not invade the province of the Commission. New & Hughes Drilling Company v. Smith, 219 So.2d 657 (Miss.1969).
The record here reflects that the evidence before the Commission posed an issue of fact as to whether Teat had been or had not been injured. There was evidence which supported as well as evidence which refuted Teat’s claim that he had sustained the injury. The determination of this issue was for the Commission. Its finding that he had not sustained the injury was supported by substantial evidence and will not be disturbed.
It was, therefore, error for the circuit court to reverse the Commission’s findings. The judgment of the circuit court is reversed and the order of the Workmen’s Compensation Commission denying compensation is reinstated.
Judgment of Circuit Court reversed and order of Workmen’s Compensation Commission denying compensation reinstated.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ„ concur.