242 So.2d 441 (1970)
HAMILTON MFG. CO. and Employers' Mutual Liability Ins. Co.
v.
Willie L. KERN.
No. 46006.
Supreme Court of Mississippi.
December 21, 1970.
Daniel, Coker, Horton, Bell & Dukes, William Larry Latham, Jackson, for appellants.
Crawley & Ford, David E. Crawley, Jr., Kosciusko, for appellee.
*442 BRADY, Justice:
This is a workmen's compensation case, which is appealed from the Circuit Court of Attala County, Mississippi. The circuit court reversed the order of the Workmen's Compensation Commission, which affirmed an order of an attorney referee denying compensation. From that decision this appeal is taken.
Willie L. Kern, appellee, a fifty-five year old male from Kosciusko, Mississippi, made application for benefits under the provisions of the Mississippi Workmen's Compensation Act as a result of an alleged injury received at appellant's place of employment. The injury is alleged to have occurred on April 5, 1968, while the appellee was working as an employee of the above corporation. The appellee's occupation was hand-sanding the products of the appellant. Appellee contends that the injury occurred as he was turning a heavy instructor's desk around on a conveyor belt so that he could sand the opposite end. The desk is on rollers of an assembly line and when the appellant turned the desk he claims that he injured his lower back. The appellee testified that he went to "the office" to report his injury and was there told to report to his supervisor before leaving work. The appellee did so. The supervisor told him to go see the doctor. However, he went home without seeing the doctor. The appellee remained at his home from April 6 until April 9, 1968. The appellee testified that upon returning to work on April 9, 1968, he tried to work but could not and after two hours of work he reported again to the office and stated, "I'm give out. I'm going home  I'm going in." He then returned to his home. The following day, April 10, 1968, the appellee went to see Dr. S.L. Bailey for pain which he described as being "all the way down from my biggest hip joint."
Dr. S.L. Bailey testified that he had seen the appellee as a patient since March 17, 1965, when he examined the appellee for a work induction physical for the appellant. Dr. Bailey stated that in March 1966 he examined the appellee for abdominal pain and referred him to the hospital two days later with the diagnosis of a peptic ulcer. Stomach surgery was performed in September 1967 and the appellee had a rather lengthy convalescence, being away from work from September 1967 until March 25, 1968. Dr. Bailey testified that on March 19, 1968, some eighteen days *443 prior to the date of the alleged accident, the appellee complained of back pain and that he prescribed medication for this back pain. Dr. Bailey continued to see and treat the patient until June 17, 1968, for the pain in his back.
On July 11, 1968, the appellee was examined by Dr. Robert R. Smith at the University Hospital in Jackson, Mississippi. Dr. Smith testified that he felt the appellee had a ruptured disc and that when he again saw the appellee on September 12, 1968, he performed a myelogram which showed a mid line defect at L 4-5 which was interpreted to be a ruptured disc. Dr. Smith estimated the appellee's disability at thirty percent permanent partial disability.
The personnel manager of the appellant, William C. Reeves, and the appellee's supervisor, Lee Samuel Luke, testified that the appellee reported to them on April 5 that he was sick but that no specific complaint as to any injury was received by either of them. Two of the appellee's co-workers, Wardell Dotson and Benny Harris, who worked in close proximity to the appellee, testified that the appellee made no complaint to either of them at any time about being injured. However, a third co-employee, Tyree Huddleston, on rebuttal testified that the appellee told him on April 9, 1968, that he had hurt his back while he was working.
Finally, two of the appellee's brothers testified that appellee was in St. Louis, Missouri, on March 19, 1968, the date that Dr. Bailey testified he was treating the appellee. Hunter Meek, a registered pharmacist in Kosciusko, testified that he filled Dr. Bailey's prescriptions which were dated April 10, 1968, the first day the appellee saw the doctor subsequent to the alleged accident.
On June 23, 1969, the attorney referee, after hearing all the testimony upon this application, found that "`the claimant, Willie L. Kern, did not suffer an injury within the course and scope of his employment on April 5, 1968." From the adverse finding by the attorney referee, the appellee filed a petition for review before the full Commission on June 26, 1969. The full Commission, on October 7, 1969, after hearing oral arguments from both parties, and after an examination of the record and after maturely considering the same, found that there was no error in the attorney referee's order and affirmed the same. An appeal was then taken to the Circuit Court of Attala County, Mississippi, where the circuit judge found that the first complaint of back trouble made by Willie Kern was made on March 19, 1968, to Dr. S.L. Bailey; that Willie Kern was injured on April 5, 1968, in the course and scope of his employment with the appellant; that the appellee did not return to work until April 9, 1968; that Dr. S.L. Bailey treated the appellee on April 10, 1968, and prescribed treatment for his back; that the appellee had been permanently and totally disabled from and after the 9th day of April, 1968, on account of an industrial injury sustained to his back in the course of his employment with the appellant; and finally, that the findings of the Mississippi Workmen's Compensation Commission were clearly erroneous and not supported by substantial evidence. The circuit judge therefore ordered that Willie L. Kern, appellee, be awarded workmen's compensation disability benefits for permanent and total disability from and after April 9, 1968. From that decision this appeal is taken.
A meticulous review of the record and briefs of counsel in this cause convinces us that no reversible error was committed in the hearing before the refereee and the Workmen's Compensation Commission. The errors existent in this case are those which arose in the appeal to the Circuit Court of Attala County. The principal error and the only error essential to the disposition of this case is that "the findings of the Mississippi Workmen's Compensation Commisssion are clearly erroneous and are not supported by substantial evidence in denying and dismissing the claim of the said Willie L. Kern."
*444 The evidence presented in the hearing of this claim is sufficient to sustain the findings of the Commission as a matter of law. Whether the evidence is sufficient is the only factual determination appellate courts have the right to decide. It is the duty of the circuit court to affirm the Commission's findings if they are supported by substantial evidence, or are not manifestly wrong. The record fails to disclose that any accident or incident was sustained by the appellee "arising out of and in the course of his employment" except for the testimony of the appellee alone. Fellow employees working in close proximity to appellee testified that they saw no accident, nor did the appellee while at work complain or advise them on April 5, 1968, of any injury he had sustained.
The controlling issue in the case at bar is resolved by our decisions in the following cases: Walters Brothers Builders v. Loomis, 187 So.2d 586 (Miss. 1966); Futorian Stratford Furniture Company v. Davis, 185 So.2d 665 (Miss. 1966); Childs v. Mississippi Industries for Blind, 184 So.2d 872 (Miss. 1966); Harbert Construction Corporation v. Hughes, 250 Miss. 858, 168 So.2d 506 (1964).
In Dewberry v. Carter, 218 So.2d 27, 30 (Miss. 1969) we held in substance that the circuit court acts only as an appellate court and in so doing the circuit court exceeds its jurisdiction when it invades the province of the Commission and decides which witnesses the Commission should or should not believe.
The findings of the Commission as the lawful finder of facts are supported by substantial evidence and therefore the judgment of the circuit court is reversed and the order of the full Commission is reinstated and affirmed.
Judgment of Circuit Court reversed and order of full Workmen's Compensation Commission affirmed.
ETHRIDGE, C.J., and RODGERS, JONES and SMITH, JJ., concur.