BARNES *v.* BUCKEYE MOLDING COMPANY, et al.

No. 42763 October 28, 1963 157 So. 2d 62

*Fountain D. Dawson,* Greenville; *Crisler, Crisler & Bowling,* Jackson, for appellant.

*Ralph D. Davison, Wynn, Hafter, Lake & Tindall,* Greenville, for appellees.

LEE, P. J.

Mrs. Doyce Faye Barnes filed her claim against Buckeye Molding Company and its insurer to collect compensation for a back injury, received about May 28, 1959, when allegedly she was lifting a box of tabs. The attorney-referee, after hearing all of the evidence, awarded compensation. However, after hearing by the Commission, by majority vote, the award of the attorney-referee was reversed and the same was disallowed. The circuit court, on appeal, affirmed the action of the Commission.

The claimant testified that she received the injury in the manner just stated. No one of her fellow-employees gave verification to the way and manner in which her injury was sustained. Her husband testified that she made complaint when she arrived at home that night. In the medical history, given to several attending doctors, May 28th was given as the time of the injury. On the hearing, she testified that it occurred on May 29th.

The defendant offered evidence to show that claimant began her employment May 26th; that she worked eight hours each day thereafter, on May 27th, 28th and 29th; and that on May 30th, she worked only about a half hour and went home because she was not feeling well. Three fellow-employees testified that Mrs. Barnes made no complaint to them about hurting her back while performing her duties. On the contrary, they said that she told them that she hurt her back while

chasing her little boy. There was evidence that, in certain statements, she also said that she hurt her back chasing her son.

The sole inquiry was directed to the determination of the time and the manner in which she received her injury. The evidence on this material issue was in conflict. The Commission resolved the conflict against the claimant. This Court, on a review, is not able to say that the action of the Commission has no substantial evidence upon which it can be based, or that it is against the great weight of the evidence.

Consequently, the judgment of the circuit court will be affirmed.

Affirmed.

*Kyle, McElroy, Rodgers and Jones, JJ.*, concur.