GILLESPIE, Presiding Justice.
The claimant, Mrs. Mavis Fowler, filed a claim for workmen’s compensation benefits and her claim was denied by the attorney referee, the Workmen’s Compensation Commission, and the circuit court. She appealed to this Court and we affirm.
Claimant was employed by Durant Sportswear, Incorporated, at Durant, Mississippi. She lived in Kosciusko, about eighteen miles distant. Her duties consisted of sewing ski jackets. She testified that she ran out of jackets, walked a short distance away, picked up a bundle weighing twenty pounds or more and experienced pain in her back. As a result she suffered a ruptured disc in her back.
The testimony of claimant was contradicted in numerous particulars including the following: (1) Claimant testified she reported to Mrs. Cain, her supervisor, that she had hurt her back and needed Anacin for pain and that Mrs. Cain told her the office no longer kept Anacin. Mrs. Cain denied claimant said anything to her about an accident or asked for Anacin. (2) Claimant testified that after she could not get Anacin from Mrs. Cain she asked Mrs. Overstreet, a co-worker, to give her some and Mrs. Overstreet said she had none, referring claimant to Mrs. Otts who gave claimant two Anacin tablets. Mrs. Over-street denied this. (3) Claimant testified Mrs. Otts gave her two Anacin tablets, but Mrs. Otts testified she could not recall giving Anacin to claimant. (4) Claimant testified the accident took place about 3:30 P. M. and that she sat at her machine without working until quitting time at 4:00 P. M. Several of claimant’s co-workers who operated machines near her did not recall seeing claimant idle from the time of the alleged injury until quitting time; and the plant manager testified that production records showed claimant turned out more work on the day of the alleged injury than on any other day that week, achieving 116:% efficiency on that day, which was Friday. (S) Four of claimant’s co-workers, including Mrs. Overstreet and Mrs. Otts, testified that they worked near claimant and have no recollection of claimant being injured or of claimant making any statement about being injured or being in pain. (6) Claimant testified that on the day she was injured she rode with six other of her co-workers from Durant to her home in Kosciusko and that she had trouble getting into and out of the automobile and while en route told the other ladies about hurting her back. Five of these ladies testified that they recalled nothing unusual about the manner in which claimant got into and out of the car and none remembered claimant saying she had been injured or about being in pain.
Two ladies and claimant’s husband testified that when claimant got out of the car after returning from work on the day of the alleged injury, claimant could not straighten up and was helped up the steps and into her room. Several witnesses testified that the two lady witnesses had bad reputations for truth and veracity and that they would not believe them on oath. Claimant’s husband gave testimony conflicting with that of claimant regarding whether a doctor came to their home before claimant went to the hospital on Monday following the alleged injury on Friday.
The examination and cross-examination of the various witnesses developed a number of factors tending to show that this or that witness did or did not testify according to the facts. It would serve no purpose to relate these matters since arguments based on such matters should be directed to the triers of fact.
*579 Claimant contends that the decision of the Commission is contrary to the overwhelming weight of the evidence and is not based on substantial evidence. We are of the opinion that this was a typical case for the triers of fact. Claimant was contradicted by numerous witnesses. The Commission was justified in finding the claimant did not receive an injury while on the job. We are of the opinion that the testimony of the contradicting witnesses was substantial evidence sufficient to justify the Commission in declining to accept the uncorroborated testimony of the claimant, and the fact that some of the contradictory testimony was negative in character does not of itself require the triers of fact to reject it.
Citing Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 48 So.2d 148, 53 So.2d 69 (1950), claimant contends that uncontra-dicted or undisputed evidence should ordinarily be taken as true by the triers of the facts; that evidence which is not contradicted by positive testimony or circumstances, and is not inherently improbable, incredible or unreasonable cannot be arbitrarily or capriciously discredited, disregarded or rejected, even though a witness is a party or is interested in the case. The Lucedale Veneer Co. case further qualified the rule, which is paraphrased immediately above, by adding “unless shown to be untrustworthy.” The cited case has no application to the case at bar because, although there is no testimony directly refuting claimant’s statement that she received an injury to her hack in the manner testified to by her, she is contradicted by positive evidence and discredited. The triers of fact were justified in finding that her testimony was shown to be untrustworthy.
We are of the opinion, therefore, that this case should be affirmed.
Affirmed.
JONES, INZER, SMITH and ROBERTSON, JJ., concur.