INZER, Justice.
This is an appeal by Mrs. Thressia Kathleen Cofer from a judgment of the Circuit Court of Quitman County affirming an order of the Workmen’s Compensation Commission denying her claim for compensation benefits. We affirm.
Appellant testified that while working for appellee, Garan, Inc., at about 1:30 p. m. on September 8, 1967, she sustained a back injury. She said that when reaching for a bundle of material it fell, striking her and causing her to slip and fall. She stated that at that time she said a “dirty word” and that her supervisor Wayne Beaver heard her and immediately came over to where she was sitting. She then told him what happened. She also testified that three fellow employees working nearby came in immediately after the accident and knew something was wrong. Wayne Beaver and the three fellow employees denied such occurrence. They all testified that she had told them prior to the date of the claimed injury that she had fallen at her trailer and hurt her back.
The record reflects that appellant worked a full day on the day she claims she was injured, which was Friday. She did not work the following Monday and went to see Dr. Moore, her family physician. She complained to Dr. Moore of her back hurting but did not tell him at that time that she had hurt her back on the job. It was not until sometime later that she gave him a history of having hurt her back while working. The next day she worked all day. The following day, however, she went back to see Dr. Moore and he placed her in the hospital. She then filed a claim for hospitalization insurance benefits under a group policy which did not cover industrial accidents. This insurance company later learned that she was claiming she was hurt on the job and it denied liability. She then filed a claim for workmen’s compensation. The only evidence offered by appellant which would, in any way, tend to corroborate her claim that she was injured while working was self-serving declarations made to relatives and friends sometime after the accident is alleged to have happened.
There is no doubt that appellant sustained a back injury at some time and place, but the primary question is whether she was injured while working for Garan, Inc. The evidence on this issue was in conflict. The facts in this case are somewhat similar to those in Barnes v. Buckeye Molding Co., 247 Miss. 614, 157 So.2d 63 (1963) wherein we said:
The sole inquiry was directed to the determination of the time and the manner in which she received her injury. The evidence on this material issue was in conflict. The Commission resolved the conflict against the claimant. This Court, on a review, is not able to say that the action of the Commission has no substantial evidence upon which it can be based, or that it is against the great weight of the evidence. (247 Miss, at 616, 157 So.2d at 63).
We hold in this case that there was substantial evidence to support the order of the Commission and that its order is not against the great weight of the evidence. For this reason, this case is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.