487 So.2d 1330 (1986)
PENROD DRILLING COMPANY and Granite State Insurance Co.
v.
Arlis Edgar ETHERIDGE.
No. 55,763.
Supreme Court of Mississippi.
May 7, 1986.
*1331 Dan McCullen, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellants.
Crymes R. Pittman, Robert G. Germany, Cothren & Pittman, Jackson, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE, P.J., and SULLIVAN, J.
SULLIVAN, Justice, for the Court:
On February 8, 1981, Etheridge filed a motion to controvert against Penrod and its insurance carrier, alleging that on November 9, 1980, he received a compensable injury while employed by Penrod. On May 4, 1983, the administrative law judge who heard the case, issued an order which found that Etheridge had an average weekly wage on the date of his alleged injury of $412.00; however, the order concluded that Etheridge had failed to prove that his back injury, for which he had been treated, was causally related to his employment by Penrod and, specifically, that he failed to prove that he sustained a compensable injury which arose out of and within the course and scope of his employment with Penrod.
On November 8, 1983, the full Commission affirmed this order. On May 21, 1984, the Circuit Court of Warren County, Mississippi, handed down an opinion and order which stated that the record made a strong case for compensation, with the only defense being the "negative testimony" of the "obviously biased employees" of Penrod. The circuit judge concluded that the administrative judge's and the Commission's orders were not based upon substantial evidence and reversed and remanded to the full Commission for a determination of the extent of temporary total disability and permanent partial disability to which the claimant would be entitled.
The scope of review in workers' compensation cases in both the circuit court and this Court was recently discussed in Olen Burrage Trucking Co. and U.S.F. & G. Co. v. Clarence Clyde Chandler, Deceased, Dependents of, 475 So.2d 437 (Miss. 1985). We stated the following:
Mississippi Code Annotated § 71-3-51 (1972), deals with the Court review of benefits awarded by the Workmen's Compensation Commission. That section states in pertinent part:
The circuit court shall review all questions of law and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered.

*1332 Three general principles must be born in mind:
1. The claimant generally bears the burden of proof to show an injury arising out of employment, and a causal connection between the injury and the claimed disability;
2. The Commission is the trier of facts, judges the credibility of witnesses, and facts supported by substantial evidence should be affirmed by the circuit court;
3. Unless prejudicial error is found, or the verdict is against the overwhelming weight of the evidence, the Commission's order should be affirmed.

Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925, 928 (Miss. 1984).
475 So.2d at 438-39.
The administrative law judge largely based his holding on the fact that the claimant's testimony concerning the cause of his back injury was contradicted by the other employees present on the rig and the contradictory actions of the claimant, and his statements contained in the "hurt sheet" and the employment applications which were filed subsequent to the injury. The "hurt sheet", signed by Etheridge, certified that he had not sustained an injury on the day in question. To the administrative judge, the contradictory statements indicated that the testimony of the claimant was incredible. The circuit court's reversal was largely based on the circuit judge's belief that the only defense offered by Penrod was the "negative testimony" of Penrod's own employees, and that the Mississippi Supreme Court had consistently held that such testimony was insufficient as a matter of law to support a judgment.
The cases cited in support of the circuit court's opinion in regard to negative testimony are misplaced. See Illinois Central Gulf Railroad Co. v. Yates, 334 So.2d 364 (Miss. 1976); Mobile O.R. Co. v. Johnson, 157 Miss. 266, 126 So. 827 (1930). Both cases deal with the issue of whether the plaintiff had heard a locomotive's bell ringing prior to a collision with such. In Yates, the Court, quoting Johnson, said that testimony that witnesses did not hear the bell "cannot prevail against the positive testimony of other credible witnesses that the bell did ring at the time in question." Illinois Central Gulf Railroad Co. v. Yates, 334 So.2d at 368.
In workers' compensation cases "negative testimony" concerning the cause of the injury may be "substantial evidence" upon which a claim is denied. In Fowler v. Durant Sportswear, Inc., 203 So.2d 577 (Miss. 1967), we said the following:
Claimant contends that the decision of the Commission is contrary to the overwhelming weight of the evidence and is not based on substantial evidence. We are of the opinion that this was a typical case for the triers of fact. Claimant was contradicted by numerous witnesses. The Commission was justified in finding the claimant did not receive an injury while on the job. We are of the opinion that the testimony of the contradicting witnesses was substantial evidence sufficient to justify the Commission in declining to accept the uncorroborated testimony of the claimant, and the fact that some of the contradictory testimony was negative in character does not of itself require the triers of fact to reject it.

[emphasis added]
Id. at 579. The facts of the Fowler case are strikingly similar to the case at hand.
Also in Hamilton Manufacturing Co. v. Kern, 242 So.2d 441 (Miss. 1970), the circuit court had reversed the order denying compensation and the Supreme Court reversed the circuit court. In doing so, we said the following:
Whether the evidence is sufficient is the only factual determination appellate courts have the right to decide. It is the duty of the circuit court to affirm the Commission's findings if they are supported by substantial evidence, or are not manifestly wrong. The record fails to disclose that any accident or incident was sustained by the appellee "arising out of and in the course of his employment" *1333 except for the testimony of the appellee alone. Fellow employees working in close proximity to appellee testified that they saw no accident, nor did the appellee while at work complain or advise them on April 5, 1968, of any injury he had sustained.

[emphasis added]
Id. at 444. See also Cofer v. Garan, Inc., 235 So.2d 251 (Miss. 1970).
Etheridge's testimony concerning the cause of his back injury is contradicted by the employees on the rig and the "hurt sheet". It is also contradicted by Etheridge's own subsequent statements in employment applications. Etheridge's testimony as to the actual occurrence of the injury was not corroborated at all.
The claimant is competent to prove his own claim, and his testimony may be accepted without corroboration. It may be acted upon although disputed by other witnesses and if undisputed and not untrustworthy, must be taken as conclusive proof of the fact. On the other hand, if the claimant is uncorroborated as to the occurrence of a claimed accident and is shown to have made statements inconsistent with the claim, the commission is not bound to accept the testimony as the basis for an award.

[emphasis added]
Vardaman S. Dunn, Mississippi Workmen's Compensation, § 264 (3d Ed. 1982).
In Fowler, supra, the Court said the following:
Citing Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 48 So.2d 148, 53 So.2d 69 (1950), claimant contends that uncontradicted or undisputed evidence should ordinarily be taken as true by the triers of the facts; that evidence which is not contradicted by positive testimony or circumstances, and is not inherently improbable, incredible or unreasonable cannot be arbitrarily or capriciously discredited, disregarded or rejected, even though a witness is a party or is interested in the case. The Lucedale Veneer Co. case further qualified the rule, which is paraphrased immediately above, by adding "unless shown to be untrustworthy." The cited case has no application to the case at bar because, although there is no testimony directly refuting claimant's statement that she received an injury to her back in the manner testified to by her, she is contradicted by positive evidence and discredited. The triers of fact were justified in finding that her testimony was shown to be untrustworthy.
Id. at 579. See also Fortune Furniture Mfg. Co., Inc. v. Sullivan, 279 So.2d 644, 649 (Miss. 1973) (even uncontradicted testimony may not be followed when "impeached by falsity in his statements on other matters").
In Dunn, it was also stated as follows:
In the application of this rule, it is said that the commission is not bound to accept the uncorroborated testimony of a claimant which is impeached by contradictory statements made to third parties and by witnesses who saw the claimant shortly after the time of the alleged accident and observed no signs of disability such as that claimed.
§ 271 (3d Ed. 1982).
Etheridge's testimony as to the actual injury was uncorroborated and it was contradicted not only by the testimony of other employees but by the actions and statements of Etheridge subsequent to the alleged injury. At this point, there was certainly "substantial evidence" upon which the administrative judge and the Commission could base their denial of the claim.
However, unless the testimony of the claimant and his wife is completely rejected, at some time on November 9, 1980, prior to 1:55 p.m. when Etheridge was admitted to the emergency room, he had an onset of intense back pain. He had gotten off work at 12:00 Noon. At the emergency room he was diagnosed as having pulled muscles in his back.
A Dr. Rowlett had examined Etheridge within two days of the alleged injury. His testimony reveals that Etheridge gave him a history of having hurt his back when he *1334 swung a 20-lb. sledge hammer at work. He diagnosed Etheridge as suffering from a strain of muscles in the back. The doctor put him into a lumbosacral corset in addition to the other treatment, and referred Etheridge to a neurosurgeon.
Dr. Rowlett testified that he treated Etheridge until February 13, 1981, and at that time Etheridge had reached a maximum medical recovery with a 10% disability  a permanent, partial disability. Dr. Rowlett testified further that the type of injury Etheridge had was consistent with the history that Etheridge had given of swinging a sledge hammer and missing the target.
On cross-examination, the doctor admitted that his findings were based principally on subjective complaints, other than the tenderness when the doctor palpated Etheridge's back, which the doctor also admitted had a subjective element. Dr. Rowlett testified that there were no objective or positive signs of a disability, with the possible exception of what he thought was limited motion as the claimant would bend. (Etheridge was 5 feet 10 inches tall, and weighed 275 pounds.)
As a general rule, a doctor's testimony does not go to liability; instead, it goes to the extent of the injury. Shepard v. Paramount Theatre, 144 So.2d 502, 503 (Miss. 1962) (not reported in state reports).
Though the disability and extent thereof must be supported by medical findings, Miss. Code Ann. § 71-3-3(i) (Supp. 1985), "compensation may be allowed for disabling pain in the absence of positive medical testimony [and objective medical findings] as to any physical cause... . [This is especially true when there is] evidence of an accident followed by disabling pain ..., at least in the absence of circumstances tending to show malingering or to indicate that the claimant's testimony as to pain is not inherently improbable, incredible or unreasonable, or that the testimony is untrustworthy." Dunn, Mississippi Workmen's Compensation § 281, 352-53 (3d Ed. 1982) (emphasis added). See Marley Construction Co. v. Westbrook, 234 Miss. 710, 107 So.2d 104 (1958); Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So.2d 442 (1953).
"[I]f the issue [of causal connection] is strongly supported by lay testimony and the surrounding circumstances ..., then negative medical evidence, which admits the causal connection as a possibility, may suffice for an award of compensation." § 288, 353. See Holman v. Standard Oil Co. of Kentucky, 242 Miss. 657, 136 So.2d 591 (1962); Nicholas Co. v. Dodson, 232 Miss. 569, 99 So.2d 666 (1958); Alexander Smith, Inc. v. Genette, 232 Miss. 166, 98 So.2d 455 (1957).
It should be pointed out that in such cases of negative medical evidence as to the causation of the injury, one element in determining whether there is strongly supporting surrounding circumstances is the time lapse between the alleged accident and the manifestation of pain. Dunn, § 281. See Alexander Smith, Inc., supra. In our case Etheridge was in the emergency room complaining of pain approximately two hours after he got off work.
However, in this regard it has been said: "It may be that had we been sitting as triers of fact we might have found in favor of the claimant; nevertheless, we cannot say that the decision of the Commission was fundamentally erroneous in any respect." King and Heath Construction Co. v. Hester, 360 So.2d 692, 694 (Miss. 1978). See also Barnes v. Buckeye Molding Co., 247 Miss. 614, 157 So.2d 63 (1963); Fowler, supra; Hamilton Manufacturing Co., supra; Cofer, supra; Olen Burrage, supra.
Based on the rules of law above discussed and the facts of this case, we are of the opinion that the determination by the Commission is supported by substantial evidence and, for this reason, the judgment of the circuit court is reversed and the order of the Mississippi Workers' Compensation Commission is reinstated.
REVERSED AND RENDERED.
*1335 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.