547 So.2d 782 (1989)
James Larry MORRIS
v.
LANSDELL'S FRAME CoMPANY.
No. 58600.
Supreme Court of Mississippi.
July 12, 1989.
*783 Henry J. Appelwhite, Aberdeen, for appellant.
Gary L. Carnathan, Carnathan, Malski & Ford, Tupelo, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.

I.
BLASS, Justice, for the Court:
James L. Morris, Appellant, filed a Worker's Compensation claim on March 31, 1984 and a Petition to Controvert on August 31, 1984. The claim resulted from an accidental injury sustained by Morris on or around May 2, 1983. After a hearing on the case, the Administrative Judge awarded Morris temporary total disability at the rate of $105.00 per week from May 2, 1983 to May 14, 1983; statutory penalties; and medical expenses which resulted from the injury.
Morris appealed to the Worker's Compensation Commission, which awarded temporary total disability at the rate of $112.00 per week from May 2, 1983 to July 17, 1986 and as long thereafter as the medical evidence established claimant remains temporarily totally disabled; all medical expenses; a ten percent (10%) penalty to each payment of compensation and each item of expense; and a $100.00 penalty for failure to comply with MCA § 71-3-67(1).
Lansdell appealed to the Circuit Court of Monroe County which reversed the Commission order on March 27, 1987. The Circuit court awarded temporary total disability of $105.00 per week between May 2, 1983 and May 14, 1983; a penalty of $100.00; all medical expenses between May 2 and May 14, 1983, but not those incurred after that date.
From this order Morris appeals assigning the following errors:
(1) The findings and the decision of the Workers' Compensation Commission are supported by substantial credible evidence and the laws of this state, and the Circuit Court erred by reversing same.
(2) The Circuit Court erred as a matter of law, evidence, and fact in deciding that the testimony of Dr. Carmen Federowich was not the best medical evidence.
(3) The Circuit Court erred as a matter of law, evidence, and fact in deciding that the best medical evidence was the testimony of Dr. Thomas J. McDonald.
Finding that the Circuit Court erred in reversing the decision of the Commission, we reverse and reinstate that decision. We will not address the issues raised in numbers two and three.

II.
On or about May 2, 1983 James L. Morris while working at Lansdell's Frame Co. was lifting a chair frame which hit and knocked loose an air compressor pipe. Morris was struck in the forehead and knocked unconscious. He was unconscious for from one to five minutes. Billy Lansdell, the owner of Lansdell's Frame Company, took Morris to the North Mississippi Medical Center where he was treated for the bump and a small abrasion. X-rays did not indicate any fracture or abnormality. Morris was discharged on the same day.
*784 Lansdell's Frame Company was subject to the terms and provisions of the Worker's Compensation Act at the time of the accident. The company was not covered by a worker's compensation policy, nor was Lansdell self insured.
Morris was initially treated in the emergency room for his accident. Six days later, on May 12, 1983, he saw Dr. Thomas McDonald in his office. At that time he complained of severe headache, neck ache, and double vision. Standard tests showed no physical cause for the complaints. Morris was discharged from the hospital after two days. Dr. McDonald's final diagnosis was "post concussion syndrome, minimal". He felt there was no permanent disability. Dr. McDonald did not see Morris after this discharge on May 14, 1983. In March, 1984, Dr. Tutor, an associate of Dr. McDonald, prescribed medication for Morris' headaches.
Dr. Carmen Federowich, a psychiatrist, interviewed Morris on May 22, 1984 and in January 1985. She also examined Morris' hospital records. In her opinion Morris had suffered a mild concussion at the time of the injury, and had subsequently developed anxiety surrounding the episode which made him unable to perform his job. He suffered from chronic headaches. She felt that the anxiety neurosis had been triggered by the May 2, accident. She also felt he was totally disabled from May 6, 1983 until the date of the deposition in January 1985. She recommended psychiatric treatment and counseling. Dr. Federowich's opinion was based primarily on her interviews with Morris.
In addition to the medical testimony, Mrs. Veronica Morris, claimant's wife, testified that Morris was nervous, could not sleep or tolerate noise and had been unable to work since the accident.

III.

DID THE CIRCUIT COURT ERR IN REVERSING THE FINDINGS AND DECISION OF THE WORKERS' COMPENSATION COMMISSION?
The Administrative Judge found that the best medical evidence was the testimony of Dr. Thomas McDonald that Morris sustained no permanent disability or loss of wage-earning capacity as a result of the May 2 accident. The Commission reversed the AJ's finding that Dr. McDonald's testimony had greater probative value than the testimony of Dr. Federowich, stating that Dr. Federowich had examined claimant more recently and being a psychiatrist was more qualified to diagnose and assess a psychological disorder. The Commission cited Hemphill Drug Co. v. Mann, 274 So.2d 117 (Miss. 1973) for the proposition that psychiatric testimony can justify an award of permanent disability. The Circuit Court, in reversing the Commission, found that the testimony of Dr. Federowich and the evidence of record did not establish a mental disability, but that the best medical evidence, the testimony of Dr. McDonald, established that claimant sustained no permanent disability.
On appeal to the Circuit Court, that court cannot pass upon the weight of the evidence where sufficient as a matter of law or act as an original fact finding tribunal. It is bound by the same rules which govern a court of last resort under appellate procedures. Dunn, Mississippi Workers' Compensation, § 286 (3d ed. 1982).
This court's scope of review was examined in Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss. 1988).
The Workers' Compensation Commission is the trier and finder of facts in a compensation claim, the findings of the Administrative Law Judge to the contrary notwithstanding. See Dunn, Mississippi Workers' Compensation, § 284 (3d ed. 1982). If the Commission's findings of fact and order are supported by substantial evidence, all appellate courts are bound thereby. Champion Cable Const. Co., Inc. v. Monts, 511 So.2d 924, 927 (Miss. 1987); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss. 1986); Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1027 (Miss. 1986); and Evans v. Marko Planning, Inc., 447 So.2d 130, 132 (Miss. 1984) (and cases cited therein); see also, Dunn, Mississippi *785 Workers' Compensation, §§ 286, 288 (3d ed. 1982). This is so, even though the evidence would convince this Court otherwise, were we the fact finder. Georgia-Pacific Corp., 484 So.2d at 1028 (quoting Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss. 1985)). Stated differently, this Court will reverse the Commission's order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence. Myles v. Rockwell International, 445 So.2d 528, 536 (Miss. 1983) (citing Masonite Corp. v. Fields, 229 Miss. 524, 91 So.2d 282 (1956); and Riverside of Marks v. Russell, 324 So.2d 759, 762 (Miss. 1975).
The Circuit Court, in reversing the Commission, stated that the best medical evidence in the case was the testimony of Dr. McDonald which indicated no permanent disability. In so doing, it acted as an original fact finder, weighing the evidence. The Circuit Court did not find that the Commission's order was erroneous and contrary to the overwhelming weight of the evidence, as required by the scope of review.
In asserting a claim for disability the claimant has the general burden of proof and he must meet the burden to the extent of showing an accidental injury arising out of and in the course of employment and a causal connection between the injury and the claimed disability. Dunn § 265. Morris established that the incident which caused his headaches arose out of his employment with Lansdell.
"`Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings." MCA § 71-3-3(i) (1988 Supp.)
Compensation may be allowed for disabling pain in the absence of positive medical testimony as to any physical cause whatever. When the patient complains of pain, the doctor usually takes the fact of pain for granted and the absence of physical findings to account for the pain will not necessarily bar compensation. In such cases, evidence of an accident followed by disabling pain and the absence of evidence as to the cause of the pain from objective medical findings has been sufficient as a basis for compensation, in the absence of circumstances tending to show malingering or to indicate the claimant's testimony as to pain is not inherently improbable, incredible or unreasonable, or that the testimony is untrustworthy. Myles v. Rockwell International, 445 So.2d 528 (Miss. 1983); Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So.2d 442 (1953); Dunn § 281. Benefits for mental injury must be accompanied by physical trauma to prove that such injury can be directly linked to some "untoward event, unusual occurrence, accident or injury incident to ... employment." Smith and Sanders v. Peery, 473 So.2d 423, 426 (Miss. 1985). Disability need not be proved by medical testimony so long as there is medical testimony which will support a finding of disability. Hall of Mississippi v. Green, 467 So.2d 935, 938 (Miss. 1985).
The commission within legal limits, is the sole judge of the weight and sufficiency of the evidence. Evidence which is not contradicted by positive testimony or circumstances, and which is not inherently improbable, incredible, or unreasonable, cannot, as a matter of law, be arbitrarily or capriciously discredited, disregarded or rejected, even though the witness is a party or interested; and unless uncontradicted evidence is shown to be untrustworthy, it is to be taken as conclusive and binding on the triers of facts. Dunn § 271.
While no evidence was presented which indicated that Morris' claim was inherently improbable or untrustworthy, nor was there any finding that Morris was malingering, we are seriously concerned that there is a great potential for abuse in claims which are based predominantly upon pain reported by the patient, particularly in circumstances where the patient's testimony or statement to the physician is the sole evidence of its continued presence. In these cases it would be prudent to obtain *786 additional medical evidence to either support or dispute the claim.
Finding that the Circuit Court erred in reversing the Worker's Compensation Commission, we reverse and reinstate the Order of the Commission.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.