DAN M. LEE, Presiding Justice,
for the Court:
This appeal presents the question whether an injury suffered by Mrs. Gail L. Caw-thon is compensable under Mississippi’s Workers’ Compensation Act. The Mississippi Workers’ Compensation Commission [hereinafter the Commission] issued an order affirming an administrative law judge’s award of compensation benefits. The *926 Commission found that Mrs. Cawthon’s failure to disclose a prior injury had no causal relationship with an injury which she suffered while working for Alcan Aluminum Corporation [hereinafter Alcan]. The Circuit Court of Hancock County thoroughly reviewed the evidence and issued a well-reasoned decision, which, based on its own factual finding that the previous injury was related to the present injury, reversed the Commission’s award of benefits.
Feeling aggrieved, Mrs. Cawthon appeals to this Court, asserting three issues:

A. Whether the findings and decision of the Workers Compensation Commission are supported by substantial credible evidence and the laws of the State of Mississippi and whether the Circuit Court erred by reversing same.

B. Whether the Circuit Court erred in finding a misrepresentation on her employment application bars benefits to claimant.

C. Whether the Circuit Court erred in finding that manifest error was made by the Commission in ruling there was no causal connection between the 1981 injury and the 198j Alcan injury suffered by Claimant.

We have carefully reviewed the record and find no evidence which would show the previous injury made the injury at Alcan more likely than not to have occurred. Upon our examination of the evidence, and bearing in mind our appellate scope of review, we find the Commission did not manifestly err in finding no causal relationship existed between the previous injury and the Alcan injury. Accordingly, we reverse the Circuit Court’s denial of compensation, which was based on its own factual findings, and reinstate the order of the Commission. In doing so, we expressly note, as we have on many other occasions, that when the Commission makes a finding which is supported by substantial credible evidence, we will affirm. We are bound to accept the finding, even though — had we been the trier of fact — we may have found differently. The Circuit Court, sitting as an intermediate appellate court, is bound by the same standard of review, and we reverse.
THE FACTS
During 1981, Mrs. Cawthon worked for Atari, Incorporated, in El Paso, Texas, where she sustained a back injury after being employed only three weeks. Mrs. Cawthon instituted a workers’ claim, which was ultimately settled for over nine thousand five hundred dollars ($9,500.00). Mrs. Cawthon’s employment with Atari was terminated in December of 1981.
On February 24, 1984, Mrs. Cawthon applied for employment with Alcan. On her application for employment, she omitted Atari as being one of her previous employers. Moreover, when filling out a medical history form, as part of a pre-employment medical examination, Mrs. Cawthon responded negatively to questions concerning whether she had suffered a previous back injury and whether she had received benefits or compensation for such an injury. Mrs. Cawthon candidly testified the reason she did not acknowledge her employment at Atari and previous injury was she wanted to obtain employment with Alcan. Al-can’s Employer Relations Manager testified that, had Alcan been aware of Mrs. Cawthon’s prior back injury, she would not have been hired. On March 8, 1984, three days after starting to work for Alcan, Mrs. Cawthon slipped on a pile of grease, fell, and injured her back. Alcan referred her to Dr. Thomas F. Hewes for treatment of the injury.
Dr. Hewes was deposed on two occasions. During his first deposition, Dr. Hewes was unaware of Mrs. Cawthon’s previous injury at Atari. During the time he treated Mrs. Cawthon, she showed some improvement, but at the conclusion of his treatment, she had a permanent impairment, which he assessed as a five percent (5%) permanent disability.
Before the second deposition, Dr. Hewes was informed of the prior injury and provided with pertinent medical records. From this information he learned the doctors treating the previous injury in Texas had assessed a ten percent (10%) perma *927 nent partial disability, and the symptoms treated in the prior injury were “identical” to those he treated. Upon receiving this information, he stated that in falling at Alcan, Mrs. Cawthon aggravated a “preexisting” injury. Dr. Hewes also compared a myelogram taken during treatment of the Alcan injury with a myelogram taken during treatment of the Texas injury. Both of the myelograms were taken at the time Mrs. Cawthon was released from treatment as having reached maximum medical improvement. Based upon this comparison, Dr. Hewes found Mrs. Cawthon’s back was in the same condition at the conclusion of his treatment as it was at the conclusion of the treatment for the Texas injury, and he stated he would not assess any additional permanent disability to that already assessed for the prior injury.
Dr. Hewes, however, also stated that the time period between when the two myelo-grams were taken was two years and eight months, and any improvement in Mrs. Caw-thon’s condition, which may have occurred during the time between the two myelo-grams, was lost in the Alcan injury. As to whether this improvement did occur, during his first deposition Dr. Hewes stated that patients “occasionally” recover from conditions similar to the condition Mrs. Cawthon was in at the time he concluded treatment, and Mrs. Cawthon testified that her discomfort from the prior injury ceased six months after the injury, and she was having no trouble with her back at the time she applied at Alcan.
I.
We first address the Appellant’s second and third assignments of error, dealing with estoppel by fraudulent procurement of employment. In Emerson Electric Co. v. McLarty, 487 So.2d 228 (Miss.1986), we encountered a similar situation in which an employee, who had previously suffered a back injury, applied for employment and stated her only serious illness had been a hysterectomy. The employee was hired and subsequently suffered a work-related injury. The Commission awarded compensation benefits, and a Circuit Court affirmed. Upon appeal to this Court, the employer urged that the employee was es-topped from claiming benefits by her misrepresentation of her physical condition in the procurement of employment.
We noted those jurisdictions recognizing the defense of fraudulent procurement of employment require that three elements be present before an employee will be denied benefits:
1) The employee must have knowingly and willingly made a false representation as to his physical condition;
2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring; and,
3) There must have been a causal connection between the false representation and the injury. McLarty at 230. See also, 1C A. Larson, Workmen’s Compensation Law § 47.53 (1991).
We also noted that on two prior occasions this Court has been called upon to decide cases in which an employer asserted fraud in the procurement of employment as a defense to paying benefits. In both cases we affirmed Commission awards of benefits, finding the proof introduced was insufficient to warrant a finding of fraud on the part of the employee. In I.B.S. Mfg. Co. v. Dependents of Cook, 241 Miss. 256, 130 So.2d 557 (1961), an employee’s preexisting heart disease was aggravated by working conditions, and the employee suffered a fatal heart attack. In affirming the Commission’s award of benefits, this Court found there was no proof the employee knew of her pre-existing heart disease. Cook at 268, 130 So.2d 557. In L.B. Priester and Son v. McGee, 234 Miss. 471, 106 So.2d 394 (Miss.1958), this Court found that, while an employee had not told his employer of suffering a heart attack prior to entering into the employment, there was no proof showing the employer ever inquired into the employee’s state of health. McGee at 477, 106 So.2d 394.
After discussing these two cases, we went on in McLarty to examine the Commission’s finding that the medical evidence introduced did not show the employee’s *928 previous, pre-employment injury made the second, work-related injury more likely than not to have occurred. In McLarty we stated:
[a]n important distinction which should be noted here is that the second injury was not proved to be causally related to the first injury; rather, a portion of the resultant, overall disability was partially attributable to the first injury. The lower court so held and invoked the apportionment statute.
It is well established that the provisions of Mississippi’s Workers’ Compensation Statute are to be construed liberally in favor of the claimant and in favor of paying benefits for a compensable injury, (citations omitted.) It is equally well established that an order of the Commission will not be reversed if supported by substantial evidence, (citations omitted.)
As there was absolutely no evidence which tended to show the causal relationship of the injury which occurred in 1969 to the injury which occurred in 1977, this Court is of the opinion that Emerson Electric failed to bear its burden of proof on its defense, and the Commission was correct in its determination of this point.
McLarty at 230-231.
We reiterate what we said in McLarty. Those jurisdictions recognizing the defense of estoppel, because of the fraudulent procural of employment, require medical evidence tending to show the previous injury made the current injury more likely than not to have occurred. In the case sub judice, Dr. Hewes never stated the previous injury made the Alcan injury more likely than not to have occurred. Absent a causal connection between the two injuries, the Commission should have apportioned the resulting disabilities between the two injuries, and this is precisely what the Commission did.
We take this opportunity to clarify McLarty. This State has not adopted the defense of estoppel by fraudulent procurement of employment. The Mississippi Workers’ Compensation Act provides that in only two circumstances will an otherwise compensable injury not be compensable. Those are where the intoxication of the employee was the proximate cause of the injury, and where the employee willfully intended to injure himself or another. Miss.Code Ann. § 71-3-7 (1972). Further, as we said in McLarty,
We therefore reiterate that which was said in I.B.S. Mfg. Co. v. Dependents of Cook, 241 Miss. 256, 130 So.2d 557 (1961):
We express no opinion here as to what effect a finding by the Commission of actual fraud in the procurement of employment, based upon clear and convincing evidence, would have on the rights of an employee to recover disability compensation under the Mississippi [Workers’] Compensation law.
McLarty at 231-232 (quoting I.B.S. Mfg. Co. v. Dependents of Cook, 241 Miss. 256, 130 So.2d 557 [1961]).
In a future case where all three elements of this estoppel are present, the question of whether this Court should judicially recognize the defense may require this Court to weigh the pros and cons of whether Mississippi should recognize this defense. The case sub judice, however, is not that case, because of the failure to show a causal relationship between the two injuries.
II.
The appellate scope of review concerning factual findings in Workers’ Compensation cases is limited. Circuit Courts, acting as intermediate courts of appeal, may overturn a factual finding made by the Commission only when the finding is not supported by credible, substantial evidence. Morris v. Lansdell’s Frame Co., 547 So.2d 782, 784 (Miss.1989), citing V. Dunn, Mississippi Workers’ Compensation, § 286 (3rd ed. 1982). Likewise, this Court is bound to accept the Commission’s factual findings when they are supported by substantial evidence. Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988), citing Champion Cable Const. Co., Inc. v. Monts, 511 So.2d 924, 927 (Miss.1986); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss.1986); Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1027 *929 (Miss.1986); Evans v. Marko Planning, Inc., 447 So.2d 130, 132 (Miss.1984). See also, Dunn, Mississippi Workers’ Compensation, §§ 286, 288 (3rd ed. 1982).
In the present case, the Commission stated:
... [the] claimant’s failure to disclose the existence of a pre-existing condition on her employment application does not bar her claim of compensation. In those jurisdictions recognizing the defense of fraudulent procurement of employment, employer and carrier must prove the false representation was related to the injury for which claim is made. Emerson Electric Co. v. McLarty, 487 So.2d 228 (Miss.1986); 1C A. Larson, Workmen’s Compensation Law (1986 and Supp.1988). In this case, the employer and carrier did not prove the false representation was related to the slip and fall injury of 1984.
The Circuit Court reversed, stating:
It is with this contention [the failure to show a causal relationship] that the Court whole-heartedly disagrees. Under the facts of this case, the Court is convinced that manifest error was made by the Commission in its ruling that there was no causal connection between the 1981 and the alleged 1984 Alcan injury when indeed the doctor testified that those injuries were one and the same....
When there is evidence to support a finding by the Commission, a Circuit Court may not make its own findings in reversing the Commission. In other words, the Commission should only be reversed when its order is clearly erroneous and contrary to the overwhelming weight of the evidence. Morris at 784-785 (citing Myles v. Rockwell International, 445 So.2d 528, 536 (Miss.1983).
In the case sub judice, the record contains precious little evidence to support the Commission’s finding that Mrs. Caw-thon suffered any compensable permanent injury in the prior injury at Atari or the fall at Alcan three days after beginning employment. Specifically, Mrs. Cawthon said her back did not hurt when she began working for Alcan; Alcan’s medical examination revealed no back injury (albeit the examination was done without the benefit of a truthful medical history); and, Dr. Hewes stated in his first deposition that people sometimes fully recover from injuries such as the injury for which he treated Mrs. Cawthon. Moreover, we notice Mrs. Cawthon had worked for Atari, Inc., only three weeks before being injured, and she worked for Alcan only three days before her present injury. However, the record contained no evidence showing Mrs. Caw-thon had not recovered from the prior injury at the time she was hired by Alcan. Upon such evidence, the Commission cannot be manifestly in error for finding a compensable permanent injury.
The appellate scope of review requires a reviewing court to affirm findings supported by the record, even though had we been the finders of fact, we might have found differently. South Cent. Bell Telephone Co. v. Aden, 474 So.2d 584, 589 (Miss.1985) (citing Staple Cotton Services Association v. Russell, 399 So.2d 224, 228-29 [Miss.1981]; King and Heath Construction Co. v. Hester, 360 So.2d 692, 694 [Miss.1978]). See also, Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1334 (Miss.1986).
Accordingly, we reverse the Circuit Court and reinstate the order of the Commission.
REVERSED AND THE COMMISSION’S ORDER REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.