THOMAS, J„
for the Court:
¶ 1. James Edwards appeals the Nesho-ba County Circuit Court’s decision affirming the Mississippi Workers’ Compensation Commission’s denial of Edwards’s claim for compensation for having failed to make a prima facie case of a compensable injury. Aggrieved, Edwards claims the following as error:
I. WHETHER SUBSTANTIAL EVIDENCE SUPPORTED THE FINDINGS OF THE ADMINISTRATIVE JUDGE OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION, THE MISSISSIPPI WORKERS’ COMPENSATION FULL COMMISSION’S FINDING AND THE ORDER OF THE CIRCUIT JUDGE THAT DENIED THE CLAIMANT BENEFITS ON THE BASIS THAT THERE WAS NOT SUBSTANTIAL PROOF OR EVIDENCE OF A WORK RELATED INJURY.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. James Edwards filed his petition to controvert on October 2, 1992, alleging he was injured while working in the course and scope of his employment at Marshall Durbin Farms, Inc. in Philadelphia, Mississippi on August 31,1992. At the time of the alleged injury, Edwards was employed as a live haul truck driver.
¶ 4. Prior to driving live haul trucks Edwards had driven feed trucks. This required Edwards to climb on top of the truck to open the doors on the top of the *558 trucks in order to deposit the feed into the truck. Edwards testified that he was initially injured as a feed truck driver. He alleges that he was stepping down off a feed trailer and slipped on the bottom step, causing his body to swing and strike the bumper of the truck and then fall to the ground. He also stated that he began to limp after this incident. However, no incident report was ever filed, and he never went to see a doctor or missed a day of work because of this incident. None of the employees that Edwards claimed to have told about the incident remembered the incident as he recalled it. Several employees denied having any knowledge of such an incident and another claimed Edwards told him that he merely missed the step and never fell. Furthermore, the date when this incident was alleged to have occurred was never substantiated.
¶ 5. Edwards maintains that he was transferred from feed truck driver to live haul driver because his supervisors felt his limp made his walking on the trailers and climbing ladders on the feed truck too dangerous. Edwards continued to work at Marshall Durbin as a live haul driver until the incident on August 31,1992.
¶ 6. Edwards testified that he was driving his truck on August 31, 1992 when he came into a curve and saw in his mirror that his load was leaning. He tried to keep the load straight but all the cages came off. After he stopped the truck he got out, put out flags, and began moving the debris out of the road.
¶ 7. Edwards went to see the company doctor, Dr. Randy Nance of Philadelphia, after this incident because he was complaining of lower back pain. However, several employees who saw Edwards immediately after the incident testified that he was walking around and cleaning up with no apparent injuries. They further testified that when they asked if he had been hurt he stated that only his pride had been hurt. Two employees also testified that Edwards expressed reservations regarding his ability to pass the drug test, required by Marshall Durbin because of the accident.
¶ 8. Five Marshall Durbin employees testified that Edwards had a limp prior to the alleged incidents and that the limp never got better or worse during his employment at Marshall Durbin. Furthermore, on cross-examination, the claimant admitted having several previous back and neck injuries and problems. These injuries include an injury to his back which occurred in high school, an injury to his neck from picking up a freezer, an injury from falling in Piggly-Wiggly, and two car wrecks which injured his neck and back.
¶ 9. Dr. R. Hunt Bobo testified for Edwards as to the extensive injuries to Edwards’s back and neck. He testified that these injuries caused a spastic gait which required several surgeries in order to attempt to rectify the gait and alleviate some of the neck and back pain. Dr. Bobo testified as to the possible cause of Edwards’s gait; however, he admitted being unaware of several of Edwards’s previous back injuries and also admitted that an inaccurate history could lead to an inaccurate diagnosis of the cause of the spastic gait.
¶ 10. Edwards’s petition to controvert was heard before Administrative Judge W.A. Thornton on January 4, 1994. On April 5, 1994, the administrative judge issued his opinion denying Edwards Workers’ Compensation benefits on the basis that Edwards had not sustained the alleged injury on January or February of 1991; he had also not sustained the alleged injury of August 31, 1992; he was not performing duties arising out of and in the course and scope of his employment when the August 31, 1992, incident occurred, since he was under the influence of drugs and that his condition of being under the influence of drugs caused the accident; and that any disability or loss of wage-earning capacity was not related to his employment with the employer. Edwards appealed the administrative judge’s ruling
*559 to the Full Commission of the Mississippi Workers’ Compensation Commission. The hearing was held on June 27,1994, and the Commission issued its order affirming the findings of the administrative judge on August 3, 1994. The Commission, however, found that there was “no evidence in the record to substantiate allegations that the claimant’s illegal use of drugs and the influence therefrom was the proximate cause of the accident of August 31, 1992.” On August 15, 1994, Edwards appealed to the Circuit Court of Neshoba County. The circuit court affirmed the decision of the Mississippi Workers’ Compensation Commission and filed an order on June 23, 1998. From the circuit court’s ruling, Edwards appeals to this court.
ANALYSIS
¶ 11. We are asked to review the decision of the Neshoba County Circuit Court affirming the administrative judge’s and the Full Commission of the Mississippi Workers’ Compensation’s ruling denying workers’ compensation benefits to James Edwards. In addressing the decisions previously entered against his claim, Edwards argues that the evidence presented before the administrative judge overwhelmingly tilts in his favor to support his claim that the injury was contributed to by his employment under the “arising out of and in the course of’ requirement for proving a work-related injury and was causally related to his employment. He also relies on the argument that doubtful cases should be weighed and resolved in favor of the claimant. However, our standard of review limits our disposition of the case and requires us to determine whether the lower court’s and the Commission’s order was supported by substantial evidence.
Under settled precedent, courts may not hear evidence in compensation cases. Rather, their scope of review is limited to a determination of whether or not the decision of the commission is supported by the substantial evidence. If so, the decision of the commission should be upheld. The circuit courts act as intermediate courts of appeal. The Supreme Court, as the circuit courts, acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts; “[WJhile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes.”
As stated, the substantial evidence rule serves as the basis for appellate review of the commission’s order. Indeed, the substantial evidence rule in workers’ compensation cases is well established in our law. Substantial evidence, though not easily defined, means something more than a “mere scintilla” of evidence, and that it does not rise to the level of “a preponderance of the evidence.” It may be said that it “means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred.”
Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss.1991) (citations omitted).
¶ 12. This court will reverse only where a Commission order is clearly erroneous and contrary to the overwhelming weight of the evidence. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994).
¶ 13. The circuit court concluded that the order of the Mississippi Workers’ Compensation Commission contained no error in so far as its finding of facts, that it properly applied the law thereto, and that the order was supported by substantial evidence. The administrative judge and the Commission based the decision to deny benefits on numerous discrepancies and contradictions in the testimony, such as:
On the one hand, the claimant testified that after the alleged fall of January or February of 1991, he began limping *560 real bad. On the other hand, the claimant admitted that he never saw a doctor as a result of the alleged fall and never missed a single day of work after the alleged fall until the accident of August 31,1992. Five Marshall Durbin employees testified that the claimant had a limp prior to the alleged fall and that the limp never changed during the claimant’s period of employment.
As to the August 31, 1992, accident, claimant testified that his back hurt after the accident. However, five witnesses from Marshall Durbin testified that the claimant said he was not hurt after the accident. The only thing hurt was his pride. The medical treatment following the accident revealed only degenerative changes, undoubtedly caused by his significant history of back problems.
¶ 14. In support of his argument that the evidence presented before the administrative judge supported his claim of a com-pensable and causally related work injury “arising out of and in the course” of his employment, Edwards points to Johnson v. Ferguson, 435 So.2d 1191 (Miss.1983). In Johnson, the court said that greater weight should be accorded to the testimony of experts whs performed critical tests over those who have not. Id.
¶ 15. Edwards attempts to argue that the administrative judge nor the Commission gave Dr. Bobo’s testimony sufficient weight which led to an incorrect ruling. Edwards argues that Dr. Bobo was the only physician to perform any diagnostic test on his neck concerning his injuries and problems with his legs; therefore, his testimony should have been given a great deal of weight; however, the administrative judge’s order clearly disregarded Dr. Bobo’s testimony by stating: “Dr. R. Hunt Bobo testified by deposition. The testimony of Dr. Bobo amounted to nothing more than a collection of medical terms carefully woven around the claimant’s subjective complaints and inaccurate history and was of no probative value.” Thus, Edwards maintains that by disregarding Dr. Bobo’s testimony, the administrative judge, the Full Commission and the circuit court denied benefits based upon a very small amount of evidence and not a substantial amount of evidence.
¶ 16. In workers’ compensation cases, the claimant has the burden of proof. He must meet this burden by showing an accidental injury arising out of and in the course of employment and causal connection between the injury and the claimed disability. Miss.Code Ann. §§ 71-3-3, 71-3-7 (Rev.1993); V. Dunn, MISSISSIPPI WORKERS’ COMPENSATION § 265 (3rd ed.1982); see also Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925, 928 (Miss.1984). In analyzing the elements required to show a prima facie case in light of the record before us, Edwards’s testimony was contradicted and refuted with regard to the whether the first incident even occurred and to whether he was actually injured due to the second incident. Therefore, Edwards failed to substantiate his claims in regards to the first element of a prima facie case. Similarly, testimony that Edwards had a limp from the first day on the job existed, defeated the “injury arising out of and in the course of employment” element as well. A causal connection between the injury and the employment, the final element, was incapable of being proven. As judge of the credibility of the witnesses, the Commission has the authority to reject testimony in circumstances which demonstrate a lack of trustworthiness or that which is incredible. White v. Superior Products, Inc., 515 So.2d 924, 927 (Miss.1987); Hamilton Mfg. Co. v. Kern, 242 So.2d 441, 444 (Miss.1970); Hill v. United Timber & Lumber Co., 68 So.2d 420, 423 (Miss.1953); V. Dunn, MISSISSIPPI WORKERS’ COMPENSATION § 271 (3d ed.1982). Testimony in the record reveals that Edwards failed to supply Dr. Bobo with his full medical history and the Supreme Court has held that “negative testimony concerning the cause of injury may be substantial *561 evidence upon which a claim may be denied.” White, 515 So.2d at 927; Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1331 (Miss.1986); Fowler v. Durant Sportswear, Inc., 203 So.2d 577, 579 (Miss.1967).
¶ 17. In this case the claimant’s testimony is uncorroborated, and further, overwhelmingly contradicted. The Commission has the authority to reject such claims as the facts and evidence presented may require. After a careful review of the record, we hold that substantial evidence existed to support the administrative judge’s and the Commission’s decision denying Edwards’s claim for compensation.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ„ CONCUR.