755 So.2d 422 (1998)
Daniel CORNACCHIONE, Sr., Appellant/Cross-Appellee,
v.
FORREST COUNTY GENERAL HOSPITAL, Appellee/Cross-Appellant.
No. 97-CC-00299 COA.
Court of Appeals of Mississippi.
October 27, 1998.
Rehearing Denied February 9, 1999.
Certiorari Denied April 29, 1999.
*423 Kenneth S. Womack, Attorney for Appellant.
Joseph O'Connell, Hattiesburg, Attorney for Appellee.
Before THOMAS, P.J., KING, and SOUTHWICK, JJ.
KING, J., for the Court:
¶ 1. This matter is before this Court on motions for rehearing filed by the parties. Both motions for rehearing are denied. The original opinion in this matter is withdrawn, and this opinion is substituted in its place.
¶ 2. This is an appeal from a Forrest County Circuit Court judgment affirming an order of the Mississippi Workers' Compensation Commission awarding the appellant, Daniel S. Cornacchione, Sr., temporary partial disability benefits for a work related back injury. Aggrieved by this judgment, Mr. Cornacchione asserts one issue on appeal which we have summarized as follows:
Whether the lower court erred in affirming the Commission's finding of temporary *424 partial disability status notwithstanding Appellant's need of further medical treatment.
¶ 3. Also aggrieved by the circuit court's judgment, the self-insured employer, Forrest County General Hospital cross-appeals and presents eight issues for review which may be succinctly stated as follows:
Whether the lower court erred in the affirmance of the Commission's finding of both compensability and temporary partial disability status and whether the same is supported by the substantial evidence of the case.
¶ 4. We affirm.

I. Facts
¶ 5. Daniel Cornacchione, then age 22, was employed with Forrest County General Hospital ("the Hospital") as a cook. Mr. Cornacchione alleges that while in the course and scope of that employment, he sustained injuries to his back on May 6, 1993, and May 11, 1993. The first injury was the result of a fall, the latter occurred while twisting and lifting a large mixing bowl.
¶ 6. After several emergency room visits, Mr. Cornacchione was referred to Dr. Michael Lowery. Dr. Lowery caused Mr. Cornacchione to undergo a MRI scan of his lumbar spine which revealed the presence of disc herniation at the L4-L5 level. On August 17, 1993, surgery was performed to relieve the disc herniation. After a recovery period of approximately four months, Mr. Cornacchione returned to work in a light duty position.[1] This return was marred by sporadic attendance by Mr. Cornacchione and complaints of pain and discomfort. On February 11, 1994, a post-operative MRI of Mr. Cornacchione's lumbar spine revealed no recurrent disc herniation.
¶ 7. The Hospital terminated Mr. Cornacchione for misconduct on March 22, 1994.
¶ 8. On May 4, 1994, Mr. Cornacchione independently sought the medical advice of Dr. Lucien Hodges. Dr. Hodges reviewed the MRI of February 11, 1994 and concluded that the film did, in fact, disclose recurrent disc herniation. Dr. Hodges's request for a CT-scan and myelogram for further analysis was denied by the Hospital. A motion for medical treatment was filed. However, the Hospital authorized Dr. Lowery to order a follow-up MRI before the hearing. Based on the results of the August 1994 MRI, the Hospital disputed the need for further diagnostic procedures as well as the compensability of Mr. Cornacchione's claim. Notwithstanding this position, the Hospital later acquiesced to Dr. Hodges serving as treating physician and authorized the CT-scan and myelogram as requested. The results of these tests offered Dr. Hodges further proof that Mr. Cornacchione suffered from recurrent disc herniation for which surgery was recommended. After reviewing the results of the CT-scan and myelogram, Dr. Lowery also concluded that they revealed recurrent disc herniation. Dr. Lowery further opined that the nature of recurrent disc herniation precludes pinpointing it's onslaught down to the performance of any particular activity. The Hospital denied Mr. Cornacchione further medical treatment.
¶ 9. On August 3, 1995, the administrative judge ruled that Mr. Cornacchione's present disc herniation was compensable and ordered the Hospital to provide all reasonably necessary medical treatment. The administrative judge found that the substantial evidence of the case did not support a finding of temporary and total disability. This finding was based on his review of videotapes of Mr. Cornacchione which exhibited a substantial range of physical capacity and testimony which suggested that he had exaggerated the extent of his disability.
*425 ¶ 10. The Commission adopted the findings of the administrative judge without comment and the Forrest County Circuit Court affirmed. It is from this judgment which both parties now appeal.

II. Discussion

A. WHETHER THE LOWER COURT ERRED IN AFFIRMING THE COMMISSION'S FINDING OF TEMPORARY PARTIAL DISABILITY STATUS NOTWITHSTANDING APPELLANT'S NEED OF FURTHER MEDICAL TREATMENT.
¶ 11. Mr. Cornacchione argues that because he had not reached maximum medical improvement and was awaiting surgery, the administrative judge erred in not finding him temporarily totally disabled. He further argues that his ability to attend college classes and exhibit a minor degree of work capacity does not negate his temporary total disability status. The Hospital agrees that the award of temporary partial benefits is not supported by the substantial evidence of the case, but argues to the contrary that the substantial evidence supports a denial of all compensation.
¶ 12. This Court's review of workers' compensation cases is limited to a determination of whether the Commission's findings are supported by substantial evidence. We are without authority to reverse the Commission's order unless it is clearly erroneous and against the weight of the credible evidence. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1009-10 (Miss.1994) (citations omitted).
¶ 13. As stated in Morris v. Lansdell's Frame Co., 547 So.2d 782, 785 (Miss. 1989), substantial evidence is that evidence which is not contradicted by positive testimony or circumstances and is not otherwise deemed unreliable or untrustworthy. In the case sub judice, the two medical experts, Drs. Lowery and Hodges, agreed that Mr. Cornacchione suffered from recurrent disc herniation. Both doctors further agreed the recurrent disc herniation was related to the original injury. This uncontradicted evidence supports the administrative judge's finding of temporary disability. It is on the question of whether Mr. Cornacchione's disability is of a total or partial nature that the conflict in evidence begins.
¶ 14. Mr. Cornacchione argues that his temporary total disability status is not affected by his showing a minor degree of work capacity or lack of serious job search activities. These assertions are correct. See VARDAMAN S. DUNN, MISSISSIPPI WORKMEN'S COMPENSATION, § 75 (3d ed.1982). However, the evidence of this case reveals much more than a minor degree of work capacity on the part of Mr. Cornacchione.
¶ 15. In February and March of 1994 and January 1995, Mr. Cornacchione was captured on video exhibiting a substantial range of movement and physical capacity. Additionally, during the period of his disability, Mr. Cornacchione managed to successfully complete a year of college courses. The administrative judge concluded that these activities were no more strenuous than performing the duties of a cashier, a job in Mr. Cornacchione's work history. Although suffering from a temporary disability, the substantial evidence does not support a finding that his disability renders him totally disabled. The circuit court was correct in affirming the Commission's findings of temporary partial disability.

B. WHETHER THE LOWER COURT ERRED IN THE AFFIRMANCE OF THE COMMISSION'S FINDING OF BOTH COMPENSABILITY AND TEMPORARY PARTIAL DISABILITY STATUS AND WHETHER THE SAME IS SUPPORTED BY THE SUBSTANTIAL EVIDENCE OF THE CASE.
¶ 16. We now turn to the Hospital's cross-appeal. The Hospital attacks the compensability of the original back injury and the recurrent disc herniation. Specifically, the Hospital argues that Mr. Cornacchione's *426 account of how he sustained the injury to his back is at odds with all other testimony adduced at the hearing. The Hospital contends that Mr. Cornacchione's testimony is so impeached as to be entitled to very little, if any, weight in the analysis of this matter.
¶ 17. The Hospital suggests that there is no substantial evidence to support the compensability of the initial injury and therefore, none to support the compensability of the subsequent injury. While the evidence was contradictory, the resolution of conflicts and matters of credibility, rests with the Commission. Hamilton Mfg. Co. v. Kern, 242 So.2d 441, 444 (Miss.1970) (citation omitted). The Commission resolved the issue in favor of compensability, and we are reluctant to disturb that finding. The Commission found Mr. Cornacchione credible on the issue of causation of the initial injury. Having so found, that testimony may be considered as substantial evidence upon which to affirm this matter.
¶ 18. Under the Workers' Compensation Act, doubtful cases are to be resolved in favor of compensation so that the purpose and spirit of the act may be carried out. Marshall Durbin Co., 633 So.2d at 1010. Although Mr. Cornacchione's testimony as to how the injury actually occurred and his degree of work capacity was severely contradicted by the witnesses who testified at the hearing, the medical evidence regarding the existence of the recurrent disc herniation was consistent and unrefuted. Both doctor's testified in their depositions that the present disc herniation was related to the original injury. As correctly pointed out by the administrative judge, the Hospital failed to offer any positive evidence of an intervening cause that would break the causal connection between the original injury and Mr. Cornacchione's continuing disability.
¶ 19. We conclude that the Commission's finding of compensability and temporary disability status is supported by the substantial evidence of the case and affirm the order of the circuit judge.
¶ 20. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE, and SOUTHWICK, JJ., CONCUR.
NOTES
[1] The Hospital paid Mr. Cornacchione temporary total disability benefits from May 12, 1993 through January 6, 1994 and again from February 8, 1994 through February 22, 1994.