733 So.2d 875 (1999)
GEORGIA-PACIFIC CORPORATION, Appellant,
v.
Milton JAMES, Appellee.
No. 97-CC-00828 COA.
Court of Appeals of Mississippi.
January 26, 1999.
Timothy W. Lindsay, Jackson, Attorney for Appellant.
Andy Stewart, Brandon, Attorney for Appellee.
BEFORE THOMAS, P.J., and KING, and SOUTHWICK, JJ.
KING, J., for the Court:
¶ 1. The Grenada County Circuit Court affirmed the order of the Mississippi Workers' Compensation Commission requiring the appellant, Georgia Pacific Corporation ("Georgia Pacific") to provide the appellee, Milton James, a handicapped accessible van.
¶ 2. Georgia Pacific presents two issues for review by this Court:
1. Whether the administrative judge erred in his findings of fact and conclusions of law in awarding the full cost of a van under workers' compensation law or whether his decision was supported by the substantial evidence.
2. Alternately, if deemed "necessary" under the facts of this case, whether an *876 award requiring Georgia Pacific to absorb full costs is contrary to law or "reasonable" under workers' compensation law.
¶ 3. We affirm.

FACTS
¶ 4. On February 24, 1993, Milton James sustained an industrial injury which rendered him a quadriplegic. The employer, Georgia Pacific, provided Mr. James with reasonable and necessary medical services, including the modification of his home for handicapped accessibility.
¶ 5. At the time of the hearing, Mr. James remained under the care of Dr. Margaret Todd. Dr. Todd was scheduled to see Mr. James twice a year unless his condition required additional visits.
¶ 6. Mr. James petitioned the Workers' Compensation Commission to require Georgia Pacific to bear the full cost of a handicapped equipped van. The administrative judge found this to be reasonable and necessary and awarded Mr. James the full cost of a handicap accessible van. The Full Commission and circuit court affirmed.

DISCUSSION
I. WHETHER THE ADMINISTRATIVE JUDGE ERRED IN HIS FINDINGS OF FACT AND CONCLUSIONS OF LAW IN AWARDING THE FULL COST OF A VAN UNDER WORKERS' COMPENSATION OR WHETHER HIS DECISION WAS SUPPORTED BY THE SUBSTANTIAL EVIDENCE.
II. ALTERNATELY, IF DEEMED "NECESSARY" UNDER THE FACTS OF THIS CASE, WHETHER AN AWARD REQUIRING GEORGIA PACIFIC TO ABSORB FULL COSTS IS CONTRARY TO LAW OR "REASONABLE" UNDER WORKERS' COMPENSATION LAW.
¶ 7. Georgia Pacific contends that the Grenada County Circuit Court erred in affirming the Commission's order, which awarded Mr. James the full cost of a specially equipped van to accommodate his injury and resulting disability. Georgia Pacific argues that the proof does not support a finding that the specially equipped van was reasonable and necessary. We disagree.
¶ 8. On appeal, the findings of the Workers' Compensation Commission are subject to scrutiny under the substantial evidence analysis. Tommy Brooks Oil Co. v. Leach, 722 So.2d 708, 710, 1998 WL 667783, *3 (Miss.App.1998); Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1009 (Miss.1994). For purposes of Workers' Compensation appeals, substantial evidence is that evidence which a reasonable mind would find adequate to draw a conclusion. Where there is substantial evidence to support the findings of the Workers' Compensation Commission, this Court is duty bound to affirm. Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991) (citations omitted).
¶ 9. The binding authority on this particular issue is Mississippi Transp. Comm'n v. Dewease, 691 So.2d 1007 (Miss.1997). In Dewease, the Mississippi Supreme Court for the first time was presented with the issue of whether a wheelchair van may qualify as an "other apparatus" under Miss.Code Ann. § 71-3-15 (Supp.1998).[1] After analyzing the decisions of other states, our supreme court aligned itself with the group of states which hold that a employer may be required to provide a claimant with a specially equipped vehicle and held as follows:
Given the beneficent purpose of the Act, we find that where there is evidence *877 that a wheelchair van is reasonably necessary, it may qualify as an "other apparatus" for which medical benefits shall be paid.
Dewease, 691 So.2d at 1015.
¶ 10. In the case sub judice, the administrative judge made the following findings of fact:
The undisputed testimony of claimant shows he remained under the care of doctors and that one of his primary doctors is Dr. Margaret R. Todd, who practices physical medicine and rehabilitation at the Semmes-Murphy Clinic in Memphis. Claimant testified that he has an extremely difficult time riding in a car and getting in and out of one. He testified it takes him 15-20 minutes to get in and out of the car and that he frequently bumps his head in trying to do so. He testified [sic] it is much more comfortable for him to ride in a van, and that one would improve his quality of life. Claimant has received rehabilitation training as a handicapped driver and has been certified to drive an automobile.
Claimant testified that presently he has an unreliable 1988 Buick Skylark with about 180,000 miles and that he has to rent a car or rely on a courier to get to his doctor's appointments.
Claimant's testimony as to his need for a van was corroborated by Dr. Todd, whose notes indicated that a van equipped to accommodate a handicapped person is necessary for claimant's recovery and rehabilitation process.
¶ 11. This Court finds that under these facts a specially equipped van does qualify as an "other apparatus" under Miss.Code. Ann. § 71-3-15(1). While having reached maximum medical improvement, Mr. James still requires medical maintenance. In this regard, a specially equipped van would aid his overall treatment and recovery process. Further, a specially equipped van enhances the use and accessibility of the wheelchair and is analogous to the modifications made to Mr. James home to accommodate his injury and disability. Just as the utility of the wheelchair would have been substantially limited without modifications having been made to his home, so too is Mr. James's access to transportation substantially limited without an appropriately modified automobile to accommodate his disability and his wheelchair.
¶ 12. By the affirmation of this case, the Court does not declare that the employer is mandated to provide a new vehicle in each claim of this nature. There may well be circumstances where the modification of an appropriate and reliable existing vehicle would be acceptable. Those circumstances do not, however, exist in this case. Each case must be judged upon its own merits. In this case, the Workers' Compensation Commission held, and this Court agrees, that the facts and circumstances appropriately justified mandating that Georgia Pacific provide Mr. James with a new and appropriately equipped vehicle.
¶ 13. We, therefore, hold that the findings of the Workers' Compensation Commission were based upon substantial evidence presented in this case and are in keeping with the humanitarian purpose of the Workers' Compensation Act.
¶ 14. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, PAYNE, and SOUTHWICK, JJ., concur.
IRVING and LEE, JJ., not participating.
NOTES
[1] Mississippi Code Annotated § 71-3-15(1) reads in pertinent part as follows:

(1) The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require....