KING, P.J.,
for the Court.
¶ 1. This is an appeal by Compere’s Nursing Home and Mississippi Health Care Association (Compere’s) from a decision of the Hinds County Circuit Court affirming a finding of compensability by the Mississippi Workers’ Compensation Commission. In its appeal, Compere’s has raised the following issues (l)whether the Commission’s decision was based upon substantial evidence and (2)whether claimant’s disability resulted from a pre-existing injury.
¶ 2. Finding no merit in either of these issues, this Court affirms.
Facts
¶ 3. Willie Jean Hamlehdary was employed by Compere’s on August 6, 1997, as a certified nurse’s assistant. This position included helping patients in and out of bed, in and out of wheel chairs and in and out of showers. It required bending, pushing and lifting among other activities.
¶ 4. Approximately two weeks after being employed by Compere’s, Hamlehdary injured her back while lifting a patient. According to Hamlehdary, as she attempted to move the patient to a “jerry chair” the bed slipped. In order to prevent the patient falling to the floor, she had to manually lift the falling patient, and transfer him to the chair. In doing so, Hamleh-dary injured her back. She sought workers’ compensation benefits for this injury.
¶ 5. Hamlehdary had previously worked at Albemarle Health Care Center. While employed by Albemarle, Hamlehdary suffered a compensable back injury in June of 1994. As a result of this injury, she had back surgery in March of 1997.
Standard of Review
¶ 6. While this appeal comes from the Hinds County Circuit Court, it is really the decision of the Mississippi Workers’ Compensation Commission which this Court is asked to review. In doing so, this Court accords great deference to the actions of the Commission, and will only reverse it for an error of law, or when its decision is not supported by substantial evidence. Cornacchione v. Forrest County General Hospital, 755 So.2d 422(¶ 12) (Miss.Ct.App.1998). If there exists in the *156 record substantial evidence which supports the Commission’s decision, this Court is obligated to affirm that decision, even though it might have reached a contrary decision given those facts. Lucas v. Angelica Uniform Group, 733 So.2d 285(¶ 8) (Miss.Ct.App.1998). The Commission is the finder of fact, and determines the weight and credibility to be accorded the evidence, and this Court is bound to accept that determination. Cornacchione, 755 So.2d at (¶ 17); City of Laurel v. Blackledge, 755 So.2d 573(¶ 20) (Miss.Ct.App.2000).
Resolution of The Issues
1. Whether the Commission’s decision was based upon substantial evidence
¶ 7. Compere’s argues that there was such conflicting evidence that the Commission’s finding of compensability could not have been based upon substantial evidence, and should therefore be reversed. Among the conflicts identified by Compere’s are (1) whether the injury happened on August 17 or 18, and (2) whether notice of the injury was given to Compere’s
¶ 8. Hamlehdary at one point indicated she was injured on Monday, August 18. The petition to controvert indicated that she was injured on Sunday, August 17. Compere’s offered testimony that Hamleh-dary was terminated for failure to report for work on Monday, August 18.
¶ 9. Hamlehdary testified to having informed her supervisor, “Ms. Gertrude,” of her injury. Compere’s offered the testimony of its administrator, Christopher Plumlee, and Shirley Lewis, a nursing supervisor, who testified that (1) Compere’s had no record of any injury to Hamleh-dary, and (2) that the person allegedly informed of the injury did not work on August 17.
¶ 10. The Commission, by adopting the administrative law judge’s findings, resolved this conflict by stating:
It is true that there is a fact discrepancy about exactly what date the lifting incident occurred at Compere’s — Ms. Hamlehdary thought the incident occurred on a Friday and that her last day of work was a Saturday when the nursing home records indicate her last day was Sunday, August 21, 1997, however, Dr. Smith’s notes indicate Ms. Hamleh-dary told Dr. Smith about low back pain and he noted she said she was “back at work at Compere’s Nursing Home doing lifting.”
Part of the problem is that Compere’s contends that Ms. Hamlehdary never reported a work injury and Ms. Hamleh-dary contends that she told her co-workers and supervisors that she hurt her back, and it certainly could be that both parties are correct. Ms. Hamlehdary apparently told her co-workers her back was hurting but never formally reported an on-the-job injury. Because of her long history of back trouble, she probably did not know whether the back pain was a continuation of previous back problems or a new incident.
* * * * * *
Medically, it is hardly important that Ms. Hamlehdary might have failed to report the alleged injury to Compere’s or that she mixed up her dates by a day or two.... Certainly, Dr. Alexander, a seasoned health care provider, is familiar with what nursing assistant do in rendering care to elderly patients in nursing homes. Additionally, Dr. Smith’s notes, while handwritten and sketchy, indicate that Ms. Hamlehdary told him about having to do lifting at Compere’s when she related her complaints of lower back pain on August 21, 1997.
*157 ¶ 11. The Commission noted the conflict in the evidence, and as trier of fact resolved that conflict. Tyson Foods, Inc. v. Thompson, 765 So.2d 589(¶ 10) (Miss.Ct.App.2000).
¶ 12. The resolution is not inconsistent with the evidence presented. Where the Commission’s decision is consistent with law, and supported by substantial evidence, we are mandated to affirm that decision. Id.; Georgia-Pacific Corp. v. James, 733 So.2d 875(¶ 8) (Miss.Ct.App.1999).
¶ 13. The Commission’s finding that Hamlehdary’s injury was compensable was both consistent with the law, and supported by the facts. Accordingly, this Court finds no merit in this issue.

2. Whether claimant’s disability resulted from a pre-existing injury

¶ 14. Compere’s next argues that Hamlehdary’s injury was pre-existing and should therefore be chargeable to her 1994 injury at Albemarle Health Center. The Commission, after considering the medical evidence, found this to be a second injury.
¶ 15. Dr. Lon Alexander, treated Ham-lehdary for both the 1994 and 1997 back injuries. Under questioning from the employer’s counsel, Dr. Alexander stated:
I think, looking at Willie’s convalescence, that she had nearly, or had reached the point of maximum medical improvement from her first surgery to the degree where she felt able to seek out a second employment; and, as such, I would deem her at maximum medical improvement. And what you have just described to me, knowing the rigors and physics of a total care patient, could have, indeed, re-ruptured a previously quiescent disc. So, again, this is an injury, described, that is a competent productive factor in what I found at the second surgery.
¶ 16. In further response to counsel for Hamlehdary on the issue of causation, Dr. Alexander stated:
Q: Assuming that history of an injury at Compere’s Nursing Home, would you agree, based upon a reasonable degree of medical probability, that the incident at Compere’s aggravated, accelerated or lit up Ms. Hamlehdary’s low back condition?
A: Yes, if it did not cause it to arise again, de novo. In other words, it either greatly worsened something that had healed, or something that was healed was caused to rupture again.
¶ 17. There exists substantial credible evidence to support the Commission’s finding that this was not a pre-existing injury. Where the Commission’s decision is supported by substantial evidence, this Court is obligated to affirm that decision. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1009 (Miss.1994); Hardin’s Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss.1990). This issue is without merit.
¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.