856 So.2d 581 (2003)
Sylvester McDOWELL, Appellant,
v.
G.B. `Boots' SMITH and Lumbermen's Underwriting Alliance, Appellee.
No. 2001-WC-01136-COA.
Court of Appeals of Mississippi.
June 17, 2003.
Rehearing Denied September 23, 2003.
*582 R. Charles Robb, Jackson, attorney for appellant.
Joseph T. Wilkins III, Jackson, attorney for appellee.
Before McMILLIN, C.J., THOMAS, MYERS, and CHANDLER, JJ.
THOMAS, J., for the Court.
¶ 1. Sylvester McDowell sustained a work related injury to his left foot while employed with G.B. "Boots" Smith as a laborer. McDowell filed a workers' compensation claim and was awarded twelve and one half weeks of compensation by the administrative law judge. Mr. McDowell appealed to the Full Commission. The Full Commission remanded the case to the administrative law judge, who awarded McDowell fifty weeks of compensation at $243.75 per week in addition to the twelve and one half weeks previously ordered. McDowell again appealed to the Full Commission, which affirmed the administrative law judge. McDowell appealed to the Warren County Circuit Court, which affirmed the Full Commission and administrative law judge. Aggrieved, he asserts the following issues:
I. AN EMPLOYEE IS NOT BARRED FROM PROVING A TOTAL AND PERMANENT OCCUPATIONAL DISABILITY TO OBTAIN AN *583 AWARD IF HE HAS A SCHEDULED MEMBER INJURY AND AFTER HAVING REACHED MAXIMUM MEDICAL IMPROVEMENT EARNS WAGES IN AN AMOUNT LESS THAN HIS PRE-INJURY WAGES.
II. THE TRIAL COURT ERRED IN RENDERING JUDGMENT WHEN THE COMMISSION HAD NOT ISSUED A JUDGMENT BASED UPON ITS OWN FINDINGS OF FACT AND CONCLUSIONS OF LAW BUT RATHER AFFIRMED THE OPINION OF THE ADMINISTRATIVE JUDGE ON REMAND WHICH WAS NOT BASED ON SUBSTANTIAL EVIDENCE.
III. THE DECISION OF THE ADMINISTRATIVE JUDGE WAS ARBITRARY AND CAPRICIOUS.
IV. MCDOWELL'S INJURY WAS INCORRECTLY TREATED AS A SCHEDULED MEMBER CASE RATHER THAN AN IMPAIRMENT TO THE BODY AS A WHOLE.
V. THE STIPULATION REGARDING MCDOWELL'S AVERAGE WEEKLY WAGE WAS ERROR AND SHOULD BE SET ASIDE.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Sylvester McDowell sustained an injury to his left foot on December 20, 1994, while he was employed with G.B. "Boots" Smith as a laborer. McDowell was treated by Dr. Grant A. Dona, an orthopedic surgeon from Louisiana. According to Dr. Dona, McDowell reached maximum medical improvement by February 12, 1998. On February 13, 1998, Dr. Dona faxed a message to the G.B. "Boots" Smith's insurance carrier notifying them that he estimated McDowell's impairment rating at "5% of the whole person." On May 4, 1998, Dr. Dona completed a form stating similarly that McDowell had a 5% medical impairment.
¶ 4. At an initial hearing before an administrative law judge on August 24, 1998, McDowell was awarded twelve and one half weeks of compensation. This award was made without a functional capacity examination being administered and without an employment opportunities evaluation. Also, McDowell's attorney stipulated that McDowell's average weekly wage was $425. McDowell appealed the decision and released his attorney. That attorney then dismissed the appeal without the authority to do so. McDowell retained new counsel and the appeal was reinstated and heard by the Full Commission. The Full Commission remanded the case to the administrative law judge, noting that McDowell's former counsel failed to adequately develop any credible proof and that a reasonable period of time should be given so that relevant evidence may be obtained and presented.
¶ 5. A second hearing before an administrative law judge was held on October 29, 1999. McDowell presented evidence of his disability and loss of wage earning capacity, including a medical finding of 5% impairment to the body as a whole, a functional capacity evaluation, and an employment opportunities evaluation. McDowell testified that he was forty-seven years old and had an eleventh grade education. McDowell also attempted to offer his payroll check of December 18, 1994, which showed an average weekly wage of $573.58 for the fifty weeks immediately preceding McDowell's injury. The employer/carrier objected and the administrative law judge sustained the objection. The employer/carrier offered no proof to contradict its own payroll document but the administrative law judge relied on the *584 stipulation made by McDowell's former attorney which set his weekly wage at $425. Mr. McDowell testified that he was employed by a service station and was earning $200 per week.
¶ 6. The administrative law judge, in his opinion, found that McDowell had sustained a scheduled member injury to the left foot and that his functional loss of use was greater than the medical impairment rating offered by Dr. Dona. He went on to find that although McDowell had considerable functional loss, he maintained the ability to secure gainful employment. The administrative law judge awarded McDowell fifty weeks of compensation at $243.75 per week in addition to the twelve and one half weeks previously ordered, and found that since it was a scheduled member case the average weekly wage was not an issue.
¶ 7. McDowell appealed on January 31, 2000, and the Commission affirmed without entering findings of fact and conclusions of law on June 15, 2000. McDowell appealed this decision to the Warren County Circuit Court on June 21, 2000. The circuit court affirmed the Commission's decision, and McDowell filed a timely appeal to this Court.

ANALYSIS
I. IS AN EMPLOYEE BARRED FROM PROVING A TOTAL AND PERMANENT OCCUPATIONAL DISABILITY TO OBTAIN AN AWARD IF HE HAS A SCHEDULED MEMBER INJURY AND AFTER HAVING REACHED MAXIMUM MEDICAL IMPROVEMENT EARNS WAGES IN AN AMOUNT LESS THAN HIS PRE-INJURY WAGES?
II. DID THE TRIAL COURT ERR IN RENDERING JUDGMENT WHEN THE COMMISSION HAD NOT ISSUED A JUDGMENT BASED UPON ITS OWN FINDINGS OF FACT AND CONCLUSIONS OF LAW BUT RATHER AFFIRMED THE OPINION OF THE ADMINISTRATIVE JUDGE ON REMAND WHICH WAS NOT BASED ON SUBSTANTIAL EVIDENCE?
III. WAS THE DECISION OF THE ADMINISTRATIVE JUDGE ARBITRARY AND CAPRICIOUS?
IV. WAS MCDOWELL'S INJURY INCORRECTLY TREATED AS A SCHEDULED MEMBER CASE RATHER THAN AN IMPAIRMENT TO THE BODY AS A WHOLE?
¶ 8. The chief issue in this case is whether or not McDowell is eligible for permanent occupational disability benefits, or is instead limited to benefits based on a scheduled member injury as was found by the administrative law judge on remand and affirmed by both the Full Commission and the circuit court. We will combine McDowell's first four issues into this chief issue, since they all relate directly to this question and whether or not the decisions of the administrative law judge, Full Commission, and circuit court were supported by substantial evidence.
¶ 9. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Mississippi Supreme Court has stated that "[t]he findings and order of the Workers' Compensation Commission are binding on the Court so long as they are `supported by substantial evidence.'" Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). This Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence. *585 Vance, 641 So.2d at 1180; see also Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994). "This Court will overturn a [C]ommission decision only for an error of law or an unsupportable finding of fact." Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991). Therefore, this Court will not overturn a Commission decision unless it finds that the Commission's decision was arbitrary and capricious. Id.
¶ 10. Although this Court is limited to a determination of whether the Commission's findings of fact and order are supported by substantial evidence, the Commission in the case at hand did not present its own findings of fact but instead affirmed those made by the administrative law judge. Tommy Brooks Oil v. Leach, 722 So.2d 708, 711(¶ 10) (Miss.Ct.App. 1998). Similar to Tommy Brooks Oil, we will instead examine the findings of fact made by the administrative law judge. Id. The administrative law judge is not the ultimate finder of fact, but rather "the individual who conducts the hearing and hears the live testimony." Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245 (Miss. 1991). The Commission is free to accept or reject the administrative law judge's findings, so long as the Commission's actions are based on substantial evidence. Day-Brite Lighting v. Cummings, 419 So.2d 211, 213 (Miss.1982).
¶ 11. McDowell asserts that the administrative law judge, Full Commission, and the lower court misapprehended the law and denied him total occupational disability benefits as provided under § 71-3-17(a) of the Mississippi Code. McDowell argues that when an employee suffers an injury covered by the schedule in § 71-3-17(c) which covers permanent partial occupational disability, and where that injury results in a permanent loss of wage earning capacity within § 71-3-17(a), the latter section controls exclusively and the employee is not limited to the number of weeks of compensation in § 71-3-17(c). McDowell asserts that he proved his case by unimpeached and unrebutted evidence and is entitled to full compensation for 450 weeks.
¶ 12. According to § 71-3-17(a), benefits are due only "in case of total disability adjudged to be permanent." Miss.Code Ann. § 71-3-17(a) (Rev.2000). "`Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment." Miss. Code Ann. § 71-3-3(i) (Rev.2000). "Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two (2) thereof shall constitute permanent total disability." Miss.Code Ann. § 71-3-17(a) (Rev.2000). The post-injury capacity to earn wages at other employment, even at a diminished level, is enough to defeat a claim for permanent total disability.
¶ 13. McDowell did not suffer a permanent and total occupational disability because he continued to work at a service station earning $200 per week. His reduced earnings were limited in part by a heart attack which was not work related and by his inability to find transportation. Although the Mississippi Supreme Court has held that an injury to a scheduled member may result in a finding of total permanent disability rather than only an injury to the body as a whole, the injury to the scheduled member must leave the worker unable to resume the same or other employment after he adapts to his disability. Smith v. Jackson Const. Co., 607 So.2d 1119, 1127-28 (Miss.1992).
¶ 14. McDowell's injury was to his left foot, which under Miss.Code Ann. § 71-3-17(c)(4) is a scheduled member. McDowell asserts that the evidence shows that due to his injury, he is unable *586 to return to his former employment as a laborer and is therefore entitled to compensation under § 71-3-17(a), as being totally occupationally disabled. In order to be considered for compensation under § 71-3-17(a), McDowell would have to demonstrate that his injuries when considered in the context of other relevant circumstances including, but not limited to, age, education level, and prior work experience, rendered him totally occupationally disabled from any form of gainful employment. Meridian Professional Baseball Club v. Jensen, 828 So.2d 740, 746 (¶ 17) (Miss.2002). This is plainly not the case. McDowell asserts that he is entitled to the difference between his prior wages and his current diminished wage earning capacity and that this distinguishes his case from Jensen because Jensen could not prove diminished wage earning capacity. However, "the Workers' Compensation Act `arbitrarily schedules the compensation payable for loss of or loss of use of a scheduled member, focusing upon a claimant's functional loss and without regard to loss of wage earning capacity.'" Cook v. President Casino, 740 So.2d 963, 969(¶ 27) (Miss.1999) (quoting Smith v. Jackson Const. Co., 607 So.2d 1119, 1126 (Miss. 1992)).
¶ 15. McDowell could have alleged that since he was unable to return to his former job and could not resume the principal duties of his usual employment he should be entitled to 100% industrial disability to his foot and the full 125 weeks' compensation under § 71-3-17(c)(4), rather than the sixty-two and one half weeks allowed by the administrative law judge and affirmed by the Full Commission. The findings of fact by the administrative law judge, which were adopted by the Full Commission, considered other relevant factors including McDowell's additional heart problems which were not work related and his lack of a driver's license, and were supported by the substantial evidence. These factors were used in order to determine McDowell's industrial disability to his foot of 50%. Lacking a showing that the Full Commission acted erroneously or contrary to the weight of the credible evidence, we must affirm. Vance, 641 So.2d at 1180.

V. WAS THE STIPULATION REGARDING MCDOWELL'S AVERAGE WEEKLY WAGE ERROR AND SHOULD IT BE SET ASIDE?
¶ 16. McDowell asserts that the stipulation to a weekly wage of $425 by his previous attorney was made negligently and is in error and should therefore be set aside. At the rehearing before the administrative law judge, McDowell through his current counsel offered into evidence a payroll stub dated eight days before his injury which showed an average weekly wage of $573.88, which the previous attorney had also been in possession of before stipulating to the lower amount. The administrative law judge sustained the employer/carrier's objection to the admission of the payroll stub as evidence and found in the opinion that the loss of earning capacity was not an issue.
¶ 17. As the case at bar is controlled by § 71-3-17(c), the issue of loss of wage-earning capacity is moot. Miss.Code Ann. § 71-3-17(c) (Rev.2000). This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.